261 A.2d 850.

JOSEPH P. CUDDIGAN, INC. *vs.* DIMEO CONSTRUCTION COMPANY *et al.*

FEBRUARY 12, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. In the Spring of 1966, the City of Providence (the City) issued plans and specifications for the erection of a new public school complex to be known as the James L. Hanley Education Center (Classical-Central) and invited all interested contractors and subcontractors to submit competitive bids. Joseph P. Cuddigan, Inc. (Cuddigan) is a plumbing contractor and in accordance with the bid instructions it, as a subcontractor, filed a sub-bid for the plumbing work to be done at the new project. The sub-contractors' bids were to be filed with the City by July 20, 1966. The bids of the general contractors were to be received by the City on July 26, 1966. Each general contractor was required to file with its bid the sub-bids of the subcontractors it intended to use and the price that the sub-bidder had submitted to it. The Dimeo Construction Company (Dimeo) is a general contractor and submitted a prime bid in which it designated Cuddigan as its plumbing subcontractor. Cuddigan had furnished Dimeo with a copy of its sub-bid. Dimeo's bid was the lowest one submitted to the City and on September 12, 1966, the City and Dimeo entered into a contract whereby Dimeo agreed to build the new facility in accordance with the plans and specifications previously prepared by the City's architects for a contract price in excess of seven million dollars. Later, on October 4, 1966, Dimeo gave Cuddigan a work order to proceed with the plumbing work in accordance with the

sub-bid which had been furnished both Dimeo and the City. Work began and in May 1967, a controversy arose between Cuddigan and Dimeo as to who was to furnish and install certain washroom accessories[1] in the new buildings.

The controversy went unresolved and Cuddigan thereupon instituted this litigation by filing in the Superior Court a complaint for a declaratory judgment. Dimeo, who was the named defendant, filed responsive pleadings together with a third-party complaint brought against the City of Providence. The City filed its answer. On February 20, 1968, when the case was ready for trial, all the parties agreed to an entry of order which referred the matter to arbitration pursuant to the provisions of G. L. 1956, Chap. 16 of Title 37, The Public Works Arbitration Act. The court appointed as the arbitrator an attorney who was the unanimous choice of all·the parties. On March 7, 1968, the arbitrator conducted a lengthly hearing during which numerous exhibits were made part of the record. On May 22, 1968, the arbitrator filed his award in court. In essence, the arbitrator found that no provision had been made in any of the City's plans or specifications or addenda thereto which made the furnishings of washroom accessories a responsibility of either Dimeo or Cuddigan. On June 7, 1968, an order was entered in the Superior Court confirming the arbitrator's award and judgment was entered containing the findings made by the arbitrator. The City has appealed to this court.

The City's appeal presents us with a threshold issue and that is, what is the scope of an appellate review available to the City in the circumstances of this case. All the litigants agreed that their dispute would be settled pursuant

---

[1] It was brought out at the hearing before the arbitrator that the phrase "washroom accessories" does not refer to such usual bathroom fixtures as toilet bowls and wash basins but it is descriptive of such items as soap dishes and mirrors. Mention was made at the hearing that these accessories represent an additional cost factor of between $15,000 and $17,000.

to the provisions of The Public Works Arbitration Act. Under this legislation, a party who has been aggrieved by an award can petition the Superior Court to vacate, modify or correct the award. Section 37-16-18 limits the power of the court to vacate an award to instances where the award was procured by fraud or where the arbitrator has exceeded his power or has so imperfectly executed them that no award was made or where there is no valid contract. Section 37-16-20, likewise sets forth three separate grounds which permit a judicial modification of the arbitrator's award.

The City concedes that it did not and could not avail itself of any of the statutory grounds for disturbing the arbitrator's award. Instead, it points to §37-16-25 which states that an appeal may be taken from any order or judgment entered upon an award and claims that this section affords us the opportunity to overturn the arbitrator's award and correct his errors. We disagree.

It is obvious that the City believes that the arbitrator misconceived the applicable law. However, if it had been the legislature's intent that an arbitrator's mistake of law would be basis for vitiating an arbitrator's award, such a provision could have been made a part of §37-16-18. This is true since the legislature took it upon itself to specify when a court should set aside an award. In *Loretta Realty Corp.* v. *Massachusetts Bonding & Ins. Co.*, 83 R. I. 221, 114 A.2d 846, we pointed out that Chap. 3 of Title 10, of The Rhode Island Arbitration Act did not permit any attack to be made on an arbitrator's finding because it was allegedly based on mistake of law. The Rhode Island Arbitration Act was enacted in 1929. The legislature adopted The Public Works Arbitration Act in 1967. This court will presume, as it has done before, that when the general assembly acted in 1967, it did so with full knowledge of the 1929 arbitration statute and the construction thereof given by this court. *Ewing* v. *Frank*, 103 R. I. 96, 234 A.2d 840;

*Carlson* v. *McLyman*, 77 R. I. 177, 74 A.2d 853. The legislature's failure to designate an arbitrator's error of law as a ground for vacating his award is ample proof it did not intend that an arbitration award under Title 37 could be challenged judicially on that ground.

The City's real grievance in this appeal is that it is unhappy with the arbitrator's award. No claim is made that the arbitrator's alleged errors in any way compromised his integrity. Here, the municipality joined in an unqualified submission of the controversy to arbitration as provided in The Public Works Arbitration Act. All the parties have received what they agreed to take—"* * * the honest judgment of the arbitrator as to a matter referred to him." *Phaneuf* v. *Corey*, 190 Mass. 237, 76 N. E. 718. The merits of his award, either as to the question of law or fact, will not be subject to judicial review except as it is provided for in the statute. Any extensive judicial examination of the instant award would thwart the legislative purpose which resulted in the promulgation of the 1967 act. We shall, therefore, attempt no review of the errors complained of by the City.

The third-party defendant's appeal is denied and dismissed and the judgment appealed from is affirmed.

*John T. Walsh,* for plaintiff.

*Adler, Pollock & Sheehan, William J. Sheehan, Peter Lawson Kennedy,* for Dimeo Construction Company, defendant; *Robert J. McOsker,* City Solicitor, *David J. Kehoe,* Asst. City Solicitor, for City of Providence, third-party defendant.