376 A.2d 708.

WESTMINSTER CONSTRUCTION CORPORATION *vs.*
PPG INDUSTRIES, INC.

AUGUST 15, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is an appeal from a Superior Court judgment denying the motion of Westminster Construction Corporation (Westminster) to vacate, modify, or correct an arbitration award, and granting the motion of PPG Industries, Inc. (PPG) to confirm that award.

The facts are not in dispute. Westminster was the general contractor for the erection of an office building in the city of Providence. On February 27, 1969 PPG entered into a subcontract with Westminster to furnish and install all the glass, glazing and architectural metal in that structure. During the course of construction, a dispute arose between Westminster and PPG as to whether the latter was fulfilling its obligations under the subcontract, and as a consequence Westminster refused to make any further payments on the contract. Nonetheless, PPG completed the work and in September 1971, in reliance on paragraph 16 of the subcontract[1] and paragraph 7.10.1 of the General Conditions of

the Contract for Construction,[2] submitted a demand for arbitration of the controversy. Westminster answered denying liability and counterclaiming for damages based upon PPG's alleged failure to satisfy its obligations under the subcontract.

For reasons not disclosed by the record, hearings were not held until 1974. They were completed in October of that year, and an award was filed in February 1975 granting PPG's claim in full and denying Westminster's counterclaim.[3] Thereafter, as already observed, the trial justice denied Westminster's motion to vacate, modify or correct

---

[1]Paragraph 16 of the subcontract provides in pertinent part:

"Any controversy, dispute or disagreement between the parties * * * shall be determined by arbitration * * * in accordance with the rules of the American Arbitration Association * * *."

[2]Paragraph 7.10.1 of the General Conditions of the Contract for Construction, which is incorporated by reference in the subcontract, provides in pertinent part that:

"All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof * * * shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise."

[3]The arbitration award reads in material part as follows:

"I (We), THE UNDERSIGNED ARBITRATOR(S), having been designated in accordance with the Arbitration Agreement entered into by the * * * Parties, and dated February 27, 1969 and having been duly sworn and having duly heard the proofs and allegations of the Parties, AWARD, as follows:

"1. WESTMINSTER CONSTRUCTION CORPORATION (WESTMINSTER) shall pay to PPG INDUSTRIES, INC. (PPG) the sum of $148,225.06 (ONE HUNDRED AND FORTY-EIGHT THOUSAND, TWO HUNDRED AND TWENTY-FIVE DOLLARS AND SIX CENTS).

"2. WESTMINSTER shall pay to PPG the sum of $29,445.00 (TWENTY-NINE THOUSAND, FOUR HUNDRED AND FORTY-FIVE DOLLARS) as interest on the sum stated above.

"3. The counterclaim of WESTMINSTER is denied.

the award,[4] and granted PPG's to confirm. Westminster then appealed.

At the outset, Westminster asserts that the arbitrators' failure to disclose in the award either the facts upon which their ultimate conclusion was based or the reasons therefor rendered the award arbitrary and capricious and deprived it of any legal force and effect. There is, of course, no gainsaying that it might have been desirable had the award been factual rather than conclusory and had its underlying rationale been fully disclosed. Certainly, an award so ar-

---

"4. The administrative fees and expenses of the American Arbitration Association shall be borne equally by the parties. Said fees and expenses shall be paid as directed by the Association.

"5. Fees for the compensation of the arbitrators shall be borne equally by the parties. Said fees shall be paid as directed by the Association.

"6. This Award is in full settlement of all claims submitted to this arbitration.

[4]Westminster's motion to vacate, modify or correct was made pursuant to G.L. 1956 (1969 Reenactment) §§10-3-12 and 10-3-14, which read as follows:

"10-3-12. Grounds for vacating award. — In either of the following cases said court must make an order vacating the award upon the application of any party to the arbitration.

"(a) Where the award was procured by corruption, fraud or undue means.

"(b) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.

"(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.

"(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

"10-3-14. Modification or correction of award. — In either of the following cases, said court must make an order modifying or correcting the award, upon the application of any party to the arbitration.

"(a) Where there was an evident material miscalculation of figures, or an evident material mistake in the description of any person, thing, or property referred to in the award.

ticulated would engender confidence in the arbitration process. To impose the obligation to render such an award in every commercial arbitration, however, would be incompatible with preserving the parties' freedom to elect whether or not to remove their controversy from the jurisdiction of the courts, *Lutz Eng'r Co.* v. *Sterling Eng'r & Constr. Co.*, 112 R.I. 605, 610-11, 314 A.2d 8, 11 (1974), and "would undermine the very purpose of arbitration, which is to provide a relatively quick, efficient and informal means of private dispute settlement." *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1214 (2d Cir. 1972). Presumably, those and similar considerations are responsible for the widely-held view that arbitrators of a commercial dispute, like a jury, are under no obligation to set out the reasons for their award or the findings of fact or conclusions of law on which that award is premised. *United Steelworkers* v. *Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L. Ed.2d. 1424, 1428 (1960); *Costello Constr. Corp. v. Teamsters Local* 559, 167 Conn. 315, 320, 355 A.2d 279, 282 (1974); *Aimcee Wholesale Corp.* v. *Tomar Prod., Inc.*, 21 N.Y.2d 621, 626 237 N.E.2d 223, 225 (1968); *City of Manitowoc* v. *Manitowoc Police Dep't,* 70 Wis.2d 1006, 1016, 236 N.W.2d 231, 237 (1975); *Harsen* v. *Board of Educ.*, 132 N.J. Super. 365, 374, 333 A.2d 580, 585 (1975); *McKinney v. Allstate Ins. Co.*, 6 Ohio App.2d 136, 140, 216 N.E.2d 887, 890-91 (1966); Domke, *The Law & Practice of Commercial Arbitration* §29.06 at 286-87 (1968). That general rule is, of course, subject to the exception that disclosure of findings and the reasons for them must be made if the ap-

"(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted.

"(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

"The order must modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

plicable statute, the arbitration agreement or the submission so requires. *See William H. Low Estate Co.* v. *Lederer Realty Corp.*, 35 R.I. 352, 357-58, 86 A. 881, 883 (1913).[5]

In this case, Westminster fails to point to anything specific in either the arbitration agreement or the submission that required the arbitrators to include findings or reasons. Moreover, the controlling statute, G.L. 1956 (1969 Reenactment) §10-3-10, provides only that the award be in writing and be signed by the arbitrators or by a majority of them. Accordingly, the award cannot be faulted for failing to include detailed findings or a statement of reasons.

Westminster next argues that the architect did not certify PPG's work as qualifying for payment and that consequently the award in PPG's favor is so completely irrational that it is in manifest disregard of the law and should therefore be vacated. Although manifest disregard of the law is not included in the statutory enumeration of permissible grounds for upsetting arbitration awards, it has nonetheless crept into the law of arbitration as the result of the Supreme Court's opinion in *Wilko* v. *Swan*, 346 U.S. 427, 74 S. Ct. 182, 98 L. Ed. 168 (1953). Courts that have recognized that ground, however, have had difficulty in drawing a clear-cut distinction between a "mistake of law," which in this state,[6] as elsewhere, is not a ground for disturbing an award, and a "manifest disregard of the law," which under the *Wilko* case is a ground. Domke, *supra*, §25.05 at 261-62. Certain-

---

[5]In *City of Cranston* v. *Hall*, 116 R.I. 183, 187, 354 A.2d 415, 418 (1976), we held that an arbitrator's award, at least where the evidence was conflicting, should be factual as well as conclusional, should contain a statement of the reasons and grounds upon which it is predicated, and should point to the evidence upon which the ultimate findings rest. The arbitration board in that case, however, was convened under the Fire Fighters' Arbitration Act, G.L. 1956 (1968 Reenactment) ch. 9.1 of title 28, section 9 of which requires that the board "shall make written findings and a written opinion upon the issues presented * * *."

[6]*Joseph P. Cuddigan, Inc.* v. *Dimeo Constr. Co.*, 106 R.I. 583, 586-87, 261 A.2d 850, 852 (1970); *Loretta Realty Corp.* v. *Massachusetts Bonding & Ins. Co.*, 83 R.I. 221, 225-26, 114 A.2d 846, 848-49 (1955).

ly, as the court said in *San Martine Compania De Navegacion, S.A. v. Saguenay Terminals Ltd.*, 293 F.2d 796, 801 (9th Cir. 1961)

> "[M]anifest disregard of the law must be something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law. * * * [A] manifest disregard of the law * * * might be present when arbitrators understand and correctly state the law, but proceed to disregard the same."

That kind of situation, Domke says, will "rarely occur in practice." Section 25.06 at 262.

This case is no exception. Here we have neither a stenographic transcript of the arbitration proceedings nor a documented award disclosing why, if in fact the architect did not certify the work for payment, the arbitrators ignored or attached no weight to that omission. It is therefore impossible for us to say that the arbitrators understood the law but nonetheless intentionally disregarded it.

Finally, Westminster argues that the arbitrators exceeded their powers in adding interest to the amount of the award. That contention, however, ignores the general rule that arbitrators may award interest, even if not claimed, unless otherwise specifically provided by the parties in the agreement. *In re Burke*, 117 App. Div. 477, 479, 102 N.Y. Supp. 785, 787 (1970), *aff'd*, 191 N.Y. 437, 84 N.E. 405 (1908); Domke, *supra*, §30.03 at 293. Here the General Conditions of the Contract for Construction, instead of negating such authority, specifically provides in paragraph 7.9.1 that "[a]ny monies not paid when due to either party *under this contract* shall bear interest at the legal rate in force at the place of the Project." (Emphasis added.) That paragraph obviously refers to monies due and payable under the subcontract and not, as Westminster argues, to monies due under a judgment.

Moreover, the Construction Industry Arbitration Rules, which is one of the controlling contract documents, provides in section 42 that "[t]he Arbitrator may grant any remedy or relief which he deems just and equitable and *within the terms of the agreement of the parties."* (Emphasis added.) That provision clearly is sufficiently encompassing to justify an award of interest. And even independent of this contractual authorization is the rule granting interest " 'as an invariable legal incident of the principal debt, from the day of default, whenever the debtor knows precisely *what* he is to pay and when he is to pay it.' " *O'Brien* v. *Slefkin,* 88 R.I. 264, 271, 147 A.2d 183, 186 (1958) *quoting Spencer* v. *Pierce,* 5 R.I. 63, 71 (1857). Here, the arbitrators obviously concluded that Westminster improperly withheld sums due and payable to PPG for an extended period, and in the interest of achieving a result that was just and equitable and within the contemplation of the parties, they awarded interest in an amount which a simple exercise of mathematics discloses was at the legal rate (6%) for slightly more than three years. That certainly was permissible under both the contract documents and the principle enunciated in *O'Brien* v. *Slefkin, supra.*

Westminster's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Temkin, Merolla & Zurier, Melvin L. Zurier,* for appellant.

*Edwards & Angell, Richard M. Borod, Anne L. Northrup,* for appellee.