Theodore W. PAOLA

v.

COMMERCIAL UNION ASSURANCE COMPANIES.

No. 81–166–Appeal.

Supreme Court of Rhode Island.

June 30, 1983.

Ronald J. Resmini, Providence, for plaintiff.

John T. Walsh, Jr., Providence, for defendant.

OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a Superior Court judgment confirming an arbitration award but denying the plaintiff's request to add interest to the award.

The facts of this case are not in dispute. On October 24, 1979, Theodore W. Paola (plaintiff) sustained personal injuries and property damage when he was involved in a motor vehicle accident. The plaintiff filed a claim against his insurance company, Commercial Union Assurance Companies (defendant), alleging that the owner of the other vehicle was an uninsured motorist and that coverage should therefore be provided under plaintiff's uninsured-motorist policy.

The plaintiff submitted his claim to arbitration and was awarded the sum of

$2,934.80. He subsequently filed a petition for confirmation of the award in Superior Court. In addition, plaintiff asked that interest be added to the award. The trial justice granted the confirmation but denied the request for interest on two grounds: (1) that based upon the award filed, he had no way of knowing whether or not the sum of $2,934.80 included interest; and (2) that G.L.1956 (1969 Reenactment) § 9–21–10 did not apply to arbitration proceedings when the matter is before the Superior Court solely for the purpose of confirming the award. We agree.

The issues presented on appeal are (1) whether a Superior Court justice can add prejudgment interest to an arbitration award pursuant to § 9–21–10 at the time of confirmation; and (2) whether an arbitrator can award prejudgment interest to an arbitration award pursuant to § 9–21–10.

I

In addressing the first issue, plaintiff contends that an arbitration award that is confirmed pursuant to G.L.1956 (1969 Reenactment) § 10–3–16, ripens into judgment and thus comes within the purview of § 9–21–10, as amended by P.L.1981, ch. 54, § 1, requiring interest to be added to the amount of damages from the date of the cause of action.[1] Additionally, plaintiff argues that this is a necessary result if arbitration awards are to be consistent with judgments filed in civil suits. The plaintiff, in support of his position, relies on § 10–3–18 which states that an arbitration judgment "[s]hall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action at law * * *."

The defendant, in opposition, argues that § 9–21–10 only applies to civil actions that are commenced pursuant to the District or Superior Court Rules of Civil Procedure. Since arbitration proceedings are nonjudicial and therefore not subject to the rules, such proceedings cannot be considered "civil actions" under § 9–21–10.

In addition, defendant argues that the trial justice was correct in not looking behind the award itself and reviewing the merits of the arbitrator's decision. He contends that absent complete irrationality an arbitrator's award is not subject to judicial revision.

On numerous occasions, we have emphasized the limited role the judiciary has in the arbitration process. *See Romano v. Allstate Insurance Co.,* R.I., 458 A.2d 339, 341 (1983) (citing *Coventry Teachers' Alliance v. Coventry School Committee,* R.I., 417 A.2d 886, 888 (1980)). We have established that a trial justice may vacate an arbitration award only if it falls within one of the statutory grounds [2] or if the trial justice determines that a specific award is irrational under the circumstances. *Id.* 458 A.2d at 341 (citing *Burns v. Segerson,* R.I., 404 A.2d

---

1. General Laws 1956 (1969 Reenactment) § 9–21–10, as amended by P.L.1981, ch. 54, § 1, provides:

   "9–21–10. Interest in civil actions.—In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest at the rate of twelve per cent (12%) per annum thereon from the date the cause of action accrued which shall be included in the judgment entered therein. This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided or as to any condemnation action."

2. General Laws 1956 (1969 Reenactment) § 10–3–12 provides four grounds for vacating an arbitration award:

   "(a) Where the award was procured by corruption, fraud or undue means.
   (b) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.
   (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.
   (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

500, 504 (1979)). In the instant case, there were no allegations of statutory violations. Furthermore, neither party contested the award itself. Because the amount of the award was given in a lump sum, there is no indication of whether or not the arbitrator included interest in the first instance. We cannot speculate on the merits of arbitration awards and therefore do not find the award to be irrational under the circumstances.

■ We further find that the trial justice was correct when he refused to add interest to the award at the time of the confirmation. Rhode Island statutory law limits a Superior Court justice's role concerning arbitration to either vacating or confirming the awards. *See* §§ 10–3–11, –12. A trial justice has no power to modify an award unless there has been miscalculation of figures, or mistake in description of property or person; or where the award is imperfect in form only; or where the arbitrator made an award concerning a matter not before them unless such matter would not affect the merits of the decision regarding the submitted issues. Section 10–3–14. To allow a Superior Court justice to add interest to a proper award would be to grant a much broader authority than the Legislature intended. Thus, a Superior Court justice may not award interest at the time he confirms an award pursuant to § 9–21–10.

## II

We turn now to the second issue of whether or not an arbitrator can add prejudgment interest to an award pursuant to § 9–21–10. We believe that he can.

■ The purpose of arbitration is to provide an expeditious and informal means of private dispute settlement. *Westminster Construction Corporation v. PPG Industries, Inc.,* 119 R.I. 205, 209, 376 A.2d 708, 710 (1977). This does not, however, change the nature of the action. Rather, the nature and effect of an arbitration judgment is equivalent to a judgment in an action at law. Section 10–3–18 addresses the effect of an arbitration judgment and states: "[T]he judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action at law; and it may be enforced as if it has been rendered in an action at law in the court in which it is entered."

Our prejudgment-interest statute, § 9–21–10, provides that interest shall be added to the amount of damages in "[a]ny civil action in which a verdict is rendered or decision made for pecuniary damages * *."

■ Our construction of the statutory language is controlled by the intent of the Legislature. This intent must be determined from an examination of the language and purpose of the statute. *Berthiaume v. School Committee of Woonsocket,* R.I., 397 A.2d 889, 892 (1979). The legislative directive for prejudgment interest contains no conditions. Once a claim for damages is reduced to judgment, interest is added automatically. *Roy v. Star Chopper, Inc.,* 584 F.2d 1124, 1136 (1st Cir.1979) (citing *Kastal v. Hickory House, Inc.,* 95 R.I. 366, 369, 187 A.2d 262, 264 (1963)).

In the context of arbitration cases, this court previously held that "arbitrators may award interest, even if not claimed, unless otherwise specifically provided by the parties in the agreement." *Westminster Construction Corp. v. PPG Industries, Inc.,* 119 R.I. 205, 211, 376 A.2d 708, 711 (1977).

■ We believe that a reading of § 9–21–10 and § 10–3–18 together with our prior decisions leads to the conclusion that arbitrators should add prejudgment interest to their awards unless the parties specifically provide otherwise by agreement.

Accordingly, the plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed, and the case is remanded to the Superior Court.