FORT HILL BUILDERS, INC.

v.

NATIONAL GRANGE MUTUAL INSURANCE COMPANY, et al.

Civ. A. No. 87–0046 P.

United States District Court,
D. Rhode Island.

Feb. 29, 1988.

Girard R. Visconti, Mark Hagopian, Providence, R.I., for plaintiff.

Raymond A. LaFazia, Providence, R.I., Steven J. Comen, Boston, Mass., William R. Landry, Providence, R.I., for defendants.

## MEMORANDUM

PETTINE, Senior District Judge.

Pursuant to 28 U.S.C. Section 636(b)(1)(B) this matter was referred to a Magistrate for recommended disposition of the motions filed by the plaintiff for summary judgment, and issuance of a writ for pre-judgment attachment, and motion by the defendant to vacate an arbitrator's award in favor of the plaintiff. The Magistrate's findings were appealed to this Court. After hearing and arguments the arbitrator's award was confirmed. The defendants now contests the plaintiff's motion for attorneys' fees and pre-judgment interest.

A dispute between the defendants, who are owners and developers of a construction project from which the original controversy stems and was heard by a panel of arbitrators, and the plaintiff, as a general contractor, was referred to arbitration on February 23, 1987; they awarded the plaintiff $1,124,105.00. On March 27, 1987 the plaintiff filed a complaint for confirmation of the arbitrator's award. G.L.R.I. § 10–3–16.[1]

[blacksquare] The query before the Court is whether or not Rhode Island permits this Court to assess judgment interest on an arbitrator's award. I hold that it does.

There are cases from other jurisdictions on the issue of pre-judgment interest which the plaintiff has cited in support of its position [2] and which the defendants contest as not being apposit "because the issue depends heavily on the types of arbitration and interest statutes in force in particular jurisdictions." I do not agree. At any rate, both parties concede, and I concur, that this controversy can be resolved by the application of Rhode Island law which I find affirms the plaintiff's case. I will also, *infra*, refer to federal law which the plaintiff contends is equally applicable.

To use a colloquialism, the defendants put all their "eggs in one basket"; this they must do since it is their only hope of surviving. They categorically state that this case deals with pre-judgment interest and that "[t]he issue of pre-judgment interest is governed by State law, *see Ernst, Inc. v. Manhattan Construction Co.,* 551 F.2d 1026 (5th Cir.1977), and the law of Rhode Island on the issue of adding pre-judgment interest is set forth in the *Paola* case...." *Paola v. Commercial Union Assurance Companies,* 461 A.2d 935 (R.I. 1983). More specifically, the defendants claim that G.L.R.I. 1956 (1969 Reen-

1. Judgment on award—Upon the granting of an order confirming, modifying or correcting an award, judgment shall be entered in conformity therewith in said court within thirty (30) days, unless an appeal be taken as herein provided, in which last case the order of the superior court shall pursue the mandate of the supreme court.

2. See *Matter of East India Trading Co.* (Halari), 280 App.Div. 420, 114 N.Y.S.2d 93 (1952), affmd *East India Trading Co. v. Dada Haji Ebrahim Halari,* 305 N.Y. 866, 114 N.E.2d 213 (1953) (where an award makes no provision for interest, the successful party in an arbitration is entitled to interest on the award from the date of the award until entry of judgment); see also *Penco Fabrics, Inc. v. Louis Bogopulosky, Inc.,* 1 App.Div.2d 659, 146 N.Y.S.2d 514 (1955) (in the absence of such an allowance by the arbitrators, the Court can award interest only from the date of the award, not from the date of breach); see

also *Hackman v. American Mutual Liability Insurance Co.,* et al, 110 N.H. 87, 261 A.2d 433, 438 (1970) (an arbitrator's award is the equivalent of verdict and insured was entitled to interest from the date of that award); see also *Lundgren v. Freeman,* 307 F.2d 104, 112 (9th Cir.1962) (the date of the award, unless the award be modified by the Court, should be the latest date when interest begins) (citing 47 C.J.S. Interest § 20); see also *Coughlan Const. Co., Inc. v. Town of Rockport,* 23 Mass.App.Ct. 994, 505 N.E.2d 203 (1987) (Construction corporation receiving arbitration award should receive post judgment interest computed beginning at date of award, where a town seeking vacation of award had raised no issue relating to amount of award and only asserted its invalidity on other grounds, and arbitrators had not discussed issue of interest or expressly disallowed it). Cited by the plaintiff in its brief at p. 2.

actment) §§ 9–21–10 and 10–3–16 [3] as interpreted by the *Paola* court controls.

In *Paola,* the plaintiff sustained personal injuries and property damages when he was involved in a motor vehicle accident; the claim was submitted to arbitration and he was awarded $2,934.80. He subsequently filed a petition for confirmation of the award in the trial court; at the same time, he asked that interest be added. The trial justice confirmed the award but denied the interest; an appeal ensued.

As the state appellate court stated:

The issues presented on appeal are (1) whether a Superior Court justice can add prejudgment interest to an arbitration award pursuant to § 9–21–10 at the time of confirmation; and (2) whether an arbitrator can award prejudgment interest to an arbitration award pursuant to § 9–21–10.

*Id.* at 936.

As to the first issue the plaintiff asked the court to modify the arbitrator's award by adding interest to the amount of damages from the date of the cause of action to the date of the confirmation. He contended that this added element fell within the rationale of G.L.R.I. § 9–21–10, *supra.*

The State Supreme Court rejected this reasoning; it held that the judiciary has a limited role in the arbitration process. And that a trial justice could vacate an arbitration award only if it fell within one of the statutory grounds set forth in G.L.R.I. 1956 (1969 Reenactment) § 10–3–12 [4] or if the trial justice determined that the specific award was irrational under the circumstances.

In concluding this first issue the Court specifically stated:

In the instant case, there were no allegations of statutory violations. Furthermore, neither party contested the award itself. Because the amount of the award was given in a lump sum, there is no indication of whether or not the arbitrator included interest in the first instance. We cannot speculate on the merits of arbitration awards and therefore do not find the award to be irrational under the circumstances.

 We further find that the trial justice was correct when he refused to add interest to the award at the time of the confirmation. *Rhode Island statutory law limits a Superior Court justice's role concerning arbitration to either vacating or confirming the awards.* See §§ 10–3–11, –12. A trial justice has no power *to modify an award* unless there has been miscalculation of figures, or mistake in description of property or person; or where the award is imperfect in form only; or where the arbitrator made an award concerning a matter not before them unless such matter would not affect the merits of the decision regarding the submitted issues. Section 10–3–14. *To allow a Superior Court justice to add interest to a proper award would be to grant a much broader authority than the Legis-*

---

3. General Laws 1956 (1969 Reenactment) § 9–21–10, as amended by P.L.1981, ch. 54, § 1, provides:

"9–21–10. Interest in civil actions.—In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest at the rate of twelve per cent (12%) per annum thereon from the date the cause of action accrued which shall be included in the judgment entered therein. This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided or as to any condemnation action."

4. General Laws 1956 (1969 Reenactment) § 10–3–12 provide four grounds for vacating an arbitration award:

"(a) Where the award was procured by corruption, fraud or undue means.
(b) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.
(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.
(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

*lature intended.* Thus, *a Superior Court justice* may not award interest at the time he confirms an award *pursuant to § 9–21–10.* (emphasis added).

*Id.* at 937.

From the foregoing it seems quite clear that a trial court must accept the arbitrator's award and that he cannot add to the damages interest for that period from the date of the accrual of the cause of action to the date of his confirmation.

It may appear that this entire recitation is unnecessary prolixity since this plaintiff is not seeking interest from the date of the accrual of the cause of action. It is asking this Court to award interest from the date of the award or "at the very least" from "the date of the filing of its complaint."

This now brings us to the second issue. Though the second issue centers around the authority of the arbitrator to award interest from the date of the accrual of the cause of action to the date of his award it reveals the answer at issue here. This pertinent portion of the opinion is succinct and so I quote the same in its entirety:

We turn now to the second issue of whether or not an *arbitrator* can add prejudgment interest to an award pursuant to § 9–21–10. We believe that he can.

■ The purpose of arbitration is to provide an expeditious and informal means of private dispute settlement. *Westminster Construction Corporation v. PPG Industries, Inc.,* 119 R.I. 205, 209, 376 A.2d 708, 710 (1977). This does not, however, change the nature of the action. Rather, *the nature and effect of an arbitration judgment is equivalent to a judgment in an action at law.* Section 10–3–18 addresses the effect of an arbitration judgment and states, "[T]he judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action at law; and it may be enforced as if it has been rendered in an action at law in the court in which it is entered."

Our prejudgment-interest statute, § 9–21–10, provides that interest shall be added to the amount of damages in "[a]ny civil action in which a verdict is rendered or decision made for pecuniary damages * * *."

■■ Our construction of the statutory language is controlled by the intent of the Legislature. This intent must be determined from an examination of the language and purpose of the statute. *Berthiaume v. School Committee of Woonsocket, R.I.* [121 R.I. 243] 397 A.2d 889, 892 (1979). The legislative directive for prejudgment interest contains no conditions. *Once a claim for damages is reduced to judgment, interest is added automatically. Roy v. Star Chopper, Inc.* 584 F.2d 1124, 1136 (1st Cir.1979) (citing *Kastal v. Hickory House, Inc.* 95 R.I. 366, 369, 187 A.2d 262, 264 (1963)).

In the context of arbitration cases, this court previously held that "arbitrators may award interest, even if not claimed unless otherwise specifically provided by the parties in the agreement." *Westminster Construction Corp. v. PPG Industries Inc.* 119 R.I. 205, 211, 376 A.2d 708, 711 (1977).

■ We believe that a reading of § 9–21–10 and § 10–3–18 together with our prior decision leads to the conclusion that arbitrators should *add prejudgment to their awards* unless the parties specifically provide otherwise by agreement.

Accordingly, the plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed, and the case is remanded to the Superior Court. (emphasis added).

*Id.* at 937.

It follows: "[T]he nature and effect of an arbitration judgment [i.e. the award] is equivalent to a judgment in an action at law;" such a judgment "may be enforced as if it has been rendered in an action at law in the court in which it is entered"; the arbitrator should apply G.L.R.I. § 9–21–10, to such a judgment since the statute "provides that interest shall be added to the amount of damages in [a]ny civil action in which a verdict is rendered or decision made for pecuniary damages ...".

In answering the second question the Court created no apparent contradiction in applying § 9–21–10; it established the award as being a judgment and reserved uniquely to the arbitrator the prerogative of adding interest from the date of the accrual of the action to the date of the award and reaffirmed the limited role of the judiciary in the arbitration process— that its interjection is circumscribed by the dictates of specific statutes. The logical progression of this reasoning is that the confirmation of the award by the court is a judgment retroactive to the date of the award carrying interest pursuant to the statute; this interest to be assessed by the court or indeed, the clerk of court. The approach set forth in no way modifies the arbitrator's award.

Finally, the phrase "pre-judgment interest" is, in situations as we have here, an anacronism—the period of "pre-judgment" is the intermittent span from accrual of the action to the award; whereas, what the plaintiff seeks and what the Court is awarding is the interest that is calculated on the judgment for the period thereafter. This further bolsters the argument that in no way is the award modified by the Court.

The plaintiff also claims it is entitled to interest under federal law; its amended complaint invoked the jurisdiction of this court pursuant to 9 U.S.C. § 1 *et seq.* and Count II sought to have the award of the arbitrator confirmed pursuant to 9 U.S.C. § 9.[5]

The plaintiff could have sought confirmation in either the state or federal forum; it chose the federal and so the questions are as follows:

Under federal law is the plaintiff entitled to interest from the date of the award and, if interest is allowed, does the court apply the state or federal rate?

First, there is little doubt that interest from the date of the arbitration award must be included on confirmation by the Court, *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59 (3rd Cir.1986)

As to the interest rate, the plaintiff argues that I should award the twelve (12%) percent state rate. It contends this is so because 28 U.S.C. § 1961[6] "does not apply to prejudgment interest." It further argues that since I am not bound to apply a particular rate, I have the discretion to decide; it cites *Sun Ship, supra, United States v. Dollar Rent A Car Systems, Inc.*, 712 F.2d 938 (4th Cir.1983), *EEOC v. Wooster Brush Co. Employees Relief Assoc.*, 727 F.2d 566 (6th Cir.1984).

The countervailing argument is that since this is a diversity case I should be persuaded to apply the state rate.

**5.** "§ 9. Award of arbitrators; confirmation; jurisdiction; procedure.

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. (9 U.S.C. §§ 10, 11). If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshall of any district within which the adverse party may be found in like manner as other process of this court. (July 30, 1947, ch. 392, § 1, 61 Stat. 672)".

**6.** "§ 1961. Interest

(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the distribute notice of that rate and any changes in it to all Federal judges."

■ I find no controlling authority directly on the point and so I reason: that since the plaintiff invoked this forum, 28 U.S.C. § 1961 should apply since the interest the plaintiff seeks is not strictly prejudgment.

I award the plaintiff interest from the date of the arbitrator's award, to be computed at the federal rate.

### Attorneys' Fees

■ The defendants opposed the plaintiff's motion for summary judgment purely on the theory that one of the arbitrators was prejudiced. Throughout the hearing the issue of prejudice was never raised. Indeed, as the plaintiff emphasizes the defendants thanked the arbitrators for "all the time, effort and patience they put into the case." I find no exceptional circumstances in this record that justify negating the award and conclude the answer to the defendants' objection to paying attorneys fees lies four square within the teaching of *Early v. Eastern Transfer*, 699 F.2d 552, 558 (1st Cir.1983); there the Court held:—

> While it may be unpleasant to have to choose between possibly alienating a decisionmaker in advance by objecting and waiving the issue of bias, we cannot accept that parties have a right to keep two strings to their bow—to seek victory before a tribunal and then, having lost, seek to overturn it for bias never before claimed.

The defendants must be charged with knowledge of the law for otherwise it will entirely enervate the very purpose of the Federal Arbitration Act to resolve the issues placed in arbitration and avoid delay and obstruction in the courts. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

The plaintiff seeks a fee pursuant to Fed.R.Civ.P. 56(g) which provides:

> Should it appear to the satisfaction of the Court at any time that any of the affidavits presented pursuant to this Rule are presented in bad faith or solely for the purpose of delay, the Court shall forthwith order the party employing them to pay to the other party the amount of reasonable expenses which the filing of the affidavit caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Now I realize that Rule 56(g) is not extensively used and when it is, constraint and sober thought should prevail. Unfortunately, all too often, the bar severely bruises the adversary process by employing a "scorched earth" policy under the guise of advocates fearlessly defending their clients' interest; as I see it, there is no justification for opposing this arbitrator's award; it has delayed settlement for many months and for that they should and must respond monetarily for interest and fees. I consider the defendants' conduct as falling within the ambit of Rule 56(g). I realize the judgment in this case is a large pill to swallow. Perhaps this ruling will teach them the wisdom of James Russell Lowell who said, "[t]here is no good in arguing with the inevitable. The only argument available with an east wind is to put on your overcoat." *Democracy and Addresses.*

I order the payment of attorneys' fees. The plaintiff will prepare an order in keeping with this memorandum.

So ordered.