HART ENGINEERING CO.

v.

CITY OF PAWTUCKET WATER SUPPLY BOARD.

No. 88–505–Appeal.

Supreme Court of Rhode Island.

June 20, 1989.

C. Russell Bengtson, Carroll, Kelly & Murphy, Providence, for plaintiff.

Robert J. Rahill, Rahill & Rahill, Pawtucket, for defendant.

## OPINION

PER CURIAM.

This matter was before the Supreme Court on an order issued to both parties to appear and show cause why their appeals should not be summarily sustained or dismissed. The case arose out of a dispute between Hart Engineering Company (Hart) and the City of Pawtucket Water Supply Board (the city). The issues were submitted to an arbitrator who, after hearing, made an award to Hart Engineering Company.

The arbitrator found that Hart had not been responsible for delays and therefore the city was obligated to compensate it for losses resulting from the delays. In rendering the award the arbitrator specifically stated that he had the authority to award prejudgment interest but in the circumstances of this particular case he elected not to do so.

The city sought to have the award vacated in Superior Court and argued there, and on appeal, that the arbitrator was wrong because: there was no compensable delay, the Eichleay formula used by the arbitrator is not recognized in this jurisdiction, there was insufficient basis for use of the formula and, finally, that the arbitrator created new law. Hart sought the addition of prejudgment interest to the amount of the award in Superior Court and appealed from its denial.

■ We see no merit in the city's position. "It is a well established proposition that our judicial authority to overturn an arbitrator's award is limited." *City of Pawtucket v. Pawtucket Lodge No. 4, Fraternal Order of Police*, 545 A.2d 499, 503 (R.I.1988). "An arbitrator has the inherent power to fashion an appropriate remedy as long as the award draws its essence from the contract and is based upon a 'passably plausible' interpretation of the contract." *Id.* (citing *Council 94, American Federation of State, County, and Municipal Employees AFL–CIO v. State*, 475 A.2d 200, 203 (R.I.1984); *Rhode Island Council 94 v. State*, 456 A.2d 771, 773–75 (R.I. 1983)).

■ We do agree that an arbitrator has the authority to award prejudgment interest in awards made pursuant to the Public Works Arbitration Act, G.L.1956 (1984 Reenactment) chapter 16 of title 37, as do arbitrators making awards under The Arbitration Act. General Laws 1956 (1985 Reenactment) chapter 3 of title 10. We have said that an arbitrator does have the authority to award prejudgment interest and should do so. However, we have never indicated that an arbitrator can be compelled to do so nor do we so indicate now. In fact we have held that the Superior Court when confirming an arbitrator's award does not have the authority to add prejudgment interest. *Paola v. Commercial Union Assurance Companies*, 461 A.2d 935, 937 (R.I.1983).

For these reasons the appeals of Hart Engineering Company and the City of Pawtucket Water Supply Board are denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

FAY, C.J., and KELLEHER, J., did not participate.