Maria F. WARNER, Administratrix of the Estate of George J. Warner, Jr.

v.

AETNA CASUALTY AND SURETY COMPANY.

No. 92–467–Appeal.

Supreme Court of Rhode Island.

April 30, 1993.

Michael Sarli, Gidley, Sarli & Marusak, Providence, for defendant.

Andrew Thomas, Silva & Associates, Middletown, for plaintiff.

## OPINION

**PER CURIAM.**

This case came before this court on April 20, 1993, pursuant to an order directed to both parties to appear and show cause why we should not decide summarily the issues raised by the appeal of the defendant, Aetna Casualty and Surety Company (Aetna). After hearing the arguments and reviewing the memoranda of counsel, we believe the parties failed to show cause.

Aetna appeals from an order of a Superior Court justice that confirmed a panel of arbitrators' award of $50,000 in favor of plaintiff, Maria Warner. Aetna contends that the arbitrators erred in concluding that plaintiff was "underinsured" and accordingly that the award of $50,000 to plaintiff was improper.

This court has stated, "Our judicial authority to review or to vacate arbitration awards is limited. Absent a manifest disregard of the contractual provisions, or a completely irrational result, the courts have no authority to vacate the arbitrator's award." *State v. National Association of Government Employees Local No. 79*, 544 A.2d 117, 119 (R.I.1988). In addition we have held that arbitrators "are under no obligation to set out the reasons for their award or the findings of fact or conclusions of law on which that award is premised." *Westminster Construction Corp. v. PPG Industries, Inc.*, 119 R.I. 205, 209, 376 A.2d 708, 710 (1977).

In the present case the arbitrators did not set forth their findings of fact or conclusions of law. The only evidence that Aetna presented indicating that the arbitrators erroneously concluded that the plaintiff was underinsured derives from a statement made by one of the arbitrators at a subsequent hearing in Superior Court. We believe Aetna failed to prove with any degree of certainty that the entire panel of arbitrators reached a "completely irrational result."

For these reasons we deny and dismiss the defendant's appeal and affirm the order of the Superior Court.

WEISBERGER, J., did not participate.