Thomas RICCI

v.

PRUDENTIAL INSURANCE COMPANY.

No. 93–522–Appeal.

Supreme Court of Rhode Island.

April 25, 1994.

Ronald F. Cascione, Providence.

Jessica Papazian–Ross, John McQueeney, Jr., Providence.

ORDER

This matter came before a panel of the Supreme Court on April 12, 1994, pursuant to an order directing the plaintiff to appear and to show cause why his appeal should not be denied and dismissed. In this case the plaintiff has appealed from a Superior Court order denying his petition to vacate an arbitration award.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

The arbitration arose out of a motor vehicle accident. The plaintiff received an award of $5,500, inclusive of interest. On appeal the plaintiff asserts that the trial justice erred in confirming the arbitration award because the arbitrators' award was irrational under the circumstances and the arbitrators so imperfectly executed their powers that they failed to render a final and definitive award.

In *Warner v. Aetna Casualty and Surety Company*, 624 A.2d 304 (R.I.1993), this court stated:

> "Our judicial authority to review or to vacate arbitration awards is limited. Absent a manifest disregard of the contractual provisions, or a completely irrational result, the courts have no authority to vacate the arbitrator's award." *Id.* at 305 (quoting *State v. National Association of Government Employees Local No. 79*, 544 A.2d 117, 119 (R.I.1988).

In this case affidavits submitted by two of the arbitrators reveal that plaintiff had been involved in accidents on August 16, 1985, and on February 20, 1987, as well as the accident involved in this action on February 25, 1987. The plaintiff testified at the hearing that he was unable to differentiate which pain was related to which accident.

After reviewing the record this court is of the opinion that the trial justice properly denied the plaintiff's motion to vacate the arbitration award.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

MURRAY, J., did not participate.