Michael PION

v.

Christine N. TAGUE, in Her Capacity as Finance Director for the City of Pawtucket.

No. 95–248–Appeal.

Supreme Court of Rhode Island.

June 3, 1996.

Guy J. Wells, Greenwich, for Plaintiff.

Christopher J. Fay, for Defendant.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on May 7, 1996, pursuant to an order that directed the defendant, Christine N. Tague, in her capacity as finance director for the city of Pawtucket, to appear and show cause why the issues raised by her appeal from a Superior Court trial justice's denial of a motion to vacate an order compelling her to participate in arbitration should not be summarily decided. Although not mentioned in the show cause order issued from this court on December 18, 1995, we will also address Michael Pion's appeal, filed by him on October 11, 1995, from a Superior Court trial justice's denial of his motion to amend an arbitrator's award to add prejudgment interest to the arbitration award.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised by both of these appeals will be decided at this time.

The plaintiff Michael Pion (Pion) was a police officer in the city of Pawtucket who was injured during the course of his employment on August 20, 1974, and December 5, 1979. Because of his injuries he began receiving city disability-pension benefits in February 1981. In August 1988 the city stopped paying the pension benefits because it concluded that he was no longer disabled.

On March 24, 1991, Pion filed a complaint in the Superior Court, seeking to enjoin the city from discontinuing his pension. The complaint further urged the court to compel the city to account for the pension benefits not paid to Pion since August 1988.

On June 7, 1994, Pion's counsel and the assistant city solicitor for the city of Pawtucket agreed to arbitration, but the parties could not thereafter agree on an arbitrator. Later, on August 23, 1994, Pion filed a petition to compel the city to participate in the arbitration process. No objection to that petition was filed. On August 29, 1994, a Superior Court justice entered an order granting Pion's motion and providing for binding arbitration.

The city of Pawtucket responded to the Superior Court order by filing a motion to vacate pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure. The city claimed mistake, inadvertence, surprise and excusable neglect because the city mistakenly thought that because the matter was in the Superior Court it was subject only to nonbinding court-annexed arbitration. Moreover, the city argued that because the June 1994 agreement did not specifically mention binding arbitration, there was a mutual mistake of fact. Notwithstanding the city's protestations, the trial justice denied the motion to vacate, and the city has appealed therefrom. However, no motion to stay the arbitration process was filed by the city and, accordingly, the arbitration process continued during the pendency of the city's appeal from the motion to vacate.

On May 30, 1995, the arbitration proceedings having been completed, the arbitrator found that the city had violated Pion's procedural due process rights by terminating his disability-pension benefits without adhering to certain provisions contained in the Pawtucket city charter. Pion was awarded $78,408.42 in damages. On July 15, 1995, this Supreme Court remanded the city's appeal from the denial of its motion to vacate back to the Superior Court so that court could confirm or vacate the arbitrator's award. On

September 21, 1995, a Superior Court justice granted Pion's motion to confirm the arbitrator's award and remanded the case back to this Supreme Court for the purpose of considering the city's appeal. The Superior Court order granting Pion's motion to confirm and remanding the case to this court for further consideration of the city's appeal from the denial of its motion to vacate also denied Pion's motion to amend the arbitrator's award to add prejudgment interest. Pion duly appealed from the denial of his motion to amend the arbitrator's award.

We agree with the decision of the trial justice that ordered the city to arbitrate the dispute with Pion, and we affirm the trial justice's determination that no sufficient grounds existed upon which to vacate the arbitrator's order. He found that there was no mutual mistake of fact present that would permit him to vacate the order. A Rule 60(b) motion lies within the sound discretion of the trial justice. We will not disturb a trial justice's decision on such a motion absent abuse of discretion or error of law. The burden of proof to show that abuse of discretion or error of law is upon the moving party. *Iddings v. McBurney*, 657 A.2d 550 (R.I. 1995). The city did not sustain its burden of proof, and we perceive from the record no abuse of discretion or error of law on the part of the trial justice. Therefore, we will not disturb the trial justice's findings.

We also conclude that the trial justice was correct in denying Pion's motion to amend the arbitrator's award to add prejudgment interest. In *Paola v. Commercial Union Assurance Companies*, 461 A.2d 935 (R.I. 1983), we held that the Superior Court does not have the authority to add prejudgment interest when it confirms an arbitration award. We acknowledge that in *Murphy v. United Steelworkers of America*, 507 A.2d 1342 (R.I.1986), there may have been an impression created that indicated a departure from the rule announced in *Paola*. However, in *Hart Engineering Co. v. City of Pawtucket Water Supply Board*, 560 A.2d 329 (R.I.1989), a case decided three years after *Murphy*, we reaffirmed our holding in *Paola* and said the following:

"We have said that an arbitrator does have the authority to award prejudgment interest and should do so. However, we have never indicated that an arbitrator can be compelled to do so nor do we so indicate now. In fact we have held that the Superior Court when confirming an arbitrator's award does not have the authority to add prejudgment interest." 560 A.2d at 330 (citing *Paola*, 461 A.2d at 937).

For all the above reasons, both the city's appeal and Pion's appeal are denied and dismissed. The orders of the Superior Court from which the parties have appealed are affirmed, and the papers in this case are remanded to the Superior Court.

WEISBERGER, C.J., and MURRAY, LEDERBERG, BOURCIER and FLANDERS, JJ., concur.