DECISION
Before this Court is State Farm Insurance Company's ("State Farm") motion to accelerate its action for declaratory judgment in its case against Heather Faella ("Faella"). Additionally, State Farm requested that this Court set a date for completion of the arbitration. After hearing oral arguments from both parties on July 22, 2002, this action is now ready for decision. For the reasons set forth, State Farm's motion to accelerate is denied. Furthermore, this Court declines to set a date of completion for the arbitration at this time.
The facts leading up to this motion are as follows: On December 8, 1998, Faella was a passenger in a motor vehicle operated by Ronald Johnson, a State Farm insured when his vehicle was struck by an underinsured motorist. Faella suffered physical injuries in the accident for which she sought monetary relief from insurance policies under which she was covered. She was entitled to an amount up to $100,000 of underinsured motorist ("UIM") benefits from Nationwide Insurance Company ("Nationwide") and an amount up to $25,000 from State Farm.
Faella settled with the underinsured motorist for the maximum amount allowed by his insurance policy and filed a claim for benefits against State Farm. Because State Farm has a binding arbitration policy, the arbitration to determine Faella's benefit from State Farm was scheduled for September 11, 2002.
Prior to that date, State Farm requested that Faella stipulate that Rhode Island's pro rata apportionment policy should govern the arbitration proceedings. It is when Faella refused to so stipulate that State Farm filed a declaratory judgment action with this Court, seeking to have its rights and obligations under the pro rate policy defined. In addition, State Farm has filed a motion for summary judgment on the pro rata apportionment issue which is set for hearing on August 26, 2002.
This Court is not charged with rendering a decision in the declaratory judgment action on the issue of whether the policy of pro rata apportionment should be applied to the facts of the case at bar. Therefore, the only matters for consideration before this Court are whether State Farm is entitled to an acceleration of its motion for a declaration of rights and State Farm's request that a date for completion of arbitration be set.
Pursuant to Rhode Island Superior Court Rules of Civil Procedure, Rule 57, "[t]he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar." The purpose of Rule 57's speedy hearing provision, which is essentially the same as its Federal counterpart, is to enable the court to accelerate the action in order to "minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication . . . ." Wright Miller, Federal Practice and Procedure:Civil § 2751 at 457. Based on the unambiguous use of the word "may," the decision to accelerate the motion is clearly left to the Court's discretion.
State Farm seeks to accelerate this Court's decision on the declaratory judgment because it argues that if its rights are not defined until after the arbitration of this matter and the panel's decision reflects an error of law, it will suffer irreparable harm. This harm will occur in the form of payment in excess of its share owed under the law and loss of its entitlement to contribution from other insurers if the arbitration panel fails to apply the pro rata apportionment policy. Faella objects to the acceleration of the declaratory judgment as unnecessary because she argues that the legal issue of the application of pro rata apportionment will be decided before the arbitration at State Farm's motion for summary judgment scheduled to be heard on August 26, 2002.
The Rhode Island Supreme Court has held that "the very purpose of arbitration . . . is to provide a relatively quick, efficient and informal means of private dispute settlement." Westminster ConstructionCorp., 119 R.I. 205, 209, 376 A.2d 708, 710 (1977). This Court acknowledges that "[g]enerally, `absent a manifest disregard of a contractual provision or a completely irrational result, the [arbitration] award will be upheld.'" Town of North Providence v. Local2334 International Association of Fire Fighters, AFL-CIO, 763 A.2d 604, 606 (R.I. 2000) (per curiam) (quoting Providence Teachers Union v.Providence School Board, 725 A.2d 282, 283 (R.I. 1999)); see also PurvisSystems, Inc. v. American Systems Corp., 788 A.2d 1112, 1115 (R.I. 2002); Liberty Mut. Ins. Co. v. Tavarez, 797 A.2d 480, 484 (R.I. 2002). Thus, State Farm's concern that it may be irreparably harmed by being held to an arbitration panel's erroneous application of the law and judgment because of the courts' extreme deference to arbitration decisions is not without merit.
However, this Court also acknowledges Faella's argument that the application of the pro rata apportionment policy issue about which State Farm seeks an accelerated declaratory judgment will be decided prior to the arbitration — at the motion for summary judgment hearing on August 26, 2002. Indeed, State Farm's legal arguments on its motion for summary judgment mirror those in this motion to accelerate the declaratory judgment. If this Court were to accelerate the declaratory action and hear both motions before the arbitration date, it would have rendered two judgments based on the same arguments prior to the arbitration, the actual forum in which these parties have agreed to resolve this matter. Practically, this seems like precisely the type of judicial strain and waste that private arbitration of controversies was meant to avoid. Therefore, because State Farm seeks the same declaration of rights and law in both motions, this Court declines to accelerate the hearing of State Farm's declaratory judgment action.
Finally, State Farm requests that this Court set a completion date for the arbitration. "The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator." United Steelworkers of America v. American ManufacturingCo., 363 U.S. 564, 567-68, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403, 1407 (1960). These parties have left the resolution of this matter to the decision of an arbitration panel in an effort to avoid the formality that comes with litigation in the courts. This Court declines to impose a formal deadline on the independent arbitration panel for completion of the matter with which it is charged by these parties.
Counsel shall submit an order in light of this decision after notice.