### TRUSTEES OF LAWRENCE ACADEMY AT GROTON

v.

### MERRILL LYNCH PIERCE FENNER & SMITH, INC.; Eric C. Lehto.

Civ. No. 89–480–SD.

United States District Court,
D. New Hampshire.

May 19, 1993.

William L. Chapman, Concord, NH, for plaintiff.

Edward A. Haffer, Manchester, NH, for Merrill Lynch.

Gary S. Lenehan, Manchester, NH, for Lehto.

1. Shcarson, Lehman, Hutton, Inc., is no longer a party to this action, dockct markings having been

## ORDER

DEVINE, Senior District Judge.

Plaintiff Trustees of Lawrence Academy at Groton ("Lawrence Academy") filed suit in this court on October 12, 1989, in its alleged capacity as a residuary legatee under the will of Dorothy Whitman Bunce. Plaintiff alleged that defendants Merrill Lynch Pierce Fenner & Smith, Inc., Shearson Lehman Hutton, Inc.,[1] and Eric C. Lehto engaged in violations of section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b–5 promulgated thereunder, and of New Hampshire Revised Statutes Annotated (RSA) 421–B:3 and 421–B:25 II, in addition to committing the New Hampshire common-law torts of conversion, fraudulent misrepresentation, and negligent misrepresentation, and that defendant Lehto breached a fiduciary duty owed to Mrs. Bunce under New Hampshire common law, all in connection with defendants' involvement in the purchase and sale of securities on behalf of Mrs. Bunce. This court has jurisdiction (1) over plaintiff's federal securities law claims under 28 U.S.C. § 1331, and (2) over plaintiff's New Hampshire law claims under 28 U.S.C. § 1367.

On December 13, 1989, defendant Merrill Lynch filed a motion to compel plaintiff to submit the case to arbitration, which motion this court granted in its order of December 14, 1990, approving the Report and Recommendation of the magistrate judge. Pursuant to said order, on December 19, 1990, the clerk of court ordered the case stayed pending arbitration.

In November 1991 Lawrence Academy filed an arbitration claim with the New York Stock Exchange. On March 11, 1992, this court issued an order terminating all pending motions upon determining that "motions need not remain active during the pendency of the stay as no action can be taken." On November 19, 1992, the Arbitration Panel of the New York Stock Exchange ("Panel") awarded Lawrence Academy $435,872.

entered on May 23, 1990 (document no. 25).

Defendant Merrill Lynch filed a motion to vacate the arbitration award on January 14, 1993. On May 14, 1993, the clerk of this court granted defendant Lehto's unobjected-to motion to join in Merrill Lynch's objection and memoranda pertaining to plaintiff's motion to confirm arbitration award.

Presently before the court are the following motions and their objections: (1) defendant Merrill Lynch's motion to vacate arbitration award; (2) plaintiff's motion to confirm arbitration award pursuant to 9 U.S.C. § 9; (3) defendant Lehto's motion to join in Merrill Lynch's motion to vacate arbitration award;[2] (4) defendant Merrill Lynch's motion for a more definite statement, or, alternatively, for dismissal for failure to state a claim on which relief can be granted; and (5) defendant Lehto's motion to dismiss for failure to state a claim on which relief may be granted (statute of limitations).

## Discussion

### 1. Background

In the context of the arbitration proceeding, defendants argued that (1) plaintiff's New Hampshire common-law claims relating to events occurring before October 12, 1983, were barred by the limitations period set forth at RSA 508:4, as in effect before July 1, 1986; (2) plaintiff's claims under RSA 421–B were barred by the limitations period set forth at RSA 421–B:25 VII; and (3) plaintiff's claims under section 10(b) of the Securi-

ties Exchange Act of 1934 and Rule 10b–5 promulgated thereunder were barred by the limitations period set forth in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* —— U.S. ——, ——, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991). Memo re Motion to Vacate, Attachment 1 (Answer of Merrill Lynch filed with the Panel) at 3–5.

Plaintiff countered by arguing that (1) as to its New Hampshire common-law claims and its claims under RSA 421–B, the applicable statutes of limitations were tolled by the New Hampshire equitable doctrines of discovery and fraudulent concealment, Lawrence Academy's Memorandum of Law in Opposition to the Relief Sought by [Defendants], Attachment 1 (Claimant's Memorandum of Law on Statute of Limitations and Damages [filed with the Panel]) at 10–16; and (2) as to its claims under federal securities law, the applicable statute of limitations was RSA 508:4, and said statute was tolled by the federal equitable doctrines of discovery and fraudulent concealment, *id.,* Attachment 1 at 4–5, 12–16.

### 2. Standard of Review

The statutory bases for review of arbitration awards are set forth at 9 U.S.C. § 10 (Supp.1993).[3] *See, e.g., Advest, Inc. v. McCarthy,* 914 F.2d 6, 8 (1st Cir.1990). Defendants do not contend that any of the provisions of section 10 apply to this case.[4]

---

2. Based on the relief requested therein, the court construes said motion as a motion to vacate arbitration award.

3. Section 10 provides:
(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
(1) Where the award was procured by corruption, fraud, or undue means.
(2) Where there was evident partiality or corruption in the arbitrators, or either of them.
(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a

mutual, final, and definite award upon the subject matter submitted was not made.
(5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a hearing by the arbitrators.
(b) The United States district court for the district wherein an award was made that was issued pursuant to section 580 of title 5 may make an order vacating the award upon the application of a person, other than a party to the arbitration, who is adversely affected or aggrieved by the award, if the use of arbitration or the award is clearly inconsistent with the factors set forth in section 572 of title 5.

4. Further, defendants have not invoked 9 U.S.C. § 11, which "provides for correction of 'evident' and 'material' arithmetic or descriptive errors." *Advest, supra,* at 8 n. 4.

In addition to the statutory bases of review provided in section 10, the First Circuit has identified two types of cases in which a court may properly vacate an arbitral award: (1) cases in which the award is contrary to the plain language of a collective bargaining agreement, and (2) cases in which the award was made in "manifest disregard" of the applicable law. *Advest, Inc. v. McCarthy, supra,* 914 F.2d at 9–10 (citations omitted). In *Advest,* the First Circuit held that.

> the phrase 'manifest disregard' ... means that, to vacate an arbitration award, 'there must be some showing in the record *other than the result obtained,* that the arbitrators knew the law and expressly disregarded it.' In this context, then, 'disregard' implies that the arbitrators appreciated the existence of a governing legal rule but willfully decided not to apply it.

*Id.* at 10 (quoting *O.R. Securities, Inc. v. Professional Planning Assoc., Inc.,* 857 F.2d 742, 747 (11th Cir.1988)) (emphasis added).

This case does not involve a collective bargaining agreement. Accordingly, the arbitral award at issue is subject to review only if "the arbitrators appreciated the existence of a governing legal rule but willfully decided not to apply it." *See id.*

### 3. Defendants' "Manifest Disregard" Arguments

Defendants make the following contentions with respect to the arbitrators' putative recognition of the applicable law and failure to apply same: (1) "In spite of all the statute-of-limitations arguments by all parties, and in spite of all the extensive citations to legal authority on that issue, the Panel's decision ... contains *not one word* on the statute of limitations," Merrill Lynch's Memorandum of Law in Support of its Motion to Vacate Arbitration Award ("Memo re Motion to Vacate") at 4–5; and (2) the "record demonstrates that 'the arbitrator[s] [must have] appreciate[d] the existence of a clearly defined legal principle, but decide[d] to ignore or pay no attention to it,'" *id.* at 5 (quoting *Merrill Lynch v. Bobker,* 808 F.2d 930, 933 (2d Cir. 1986)) (emphasis and bracketed material in original).

### a. The Panel's Failure to Explain

In its decision, the Panel did not find that plaintiff's claims were barred by the statute of limitations, Memo re Motion to Vacate, Attachment 8. *See* Decision of the Arbitrators (attached hereto as Appendix), nor did it discuss its reasons for failing to decide the case in a manner consistent with defendant's arguments concerning statutes of limitations. *See id.* However, in this regard, the First Circuit has held that

> it has long been settled that arbitrators are not required to make formal 'findings of fact' to accompany the awards they issue. Indeed, '[a]rbitrators have no obligation ... to give their reasons for an award at all.' It is, accordingly, manifest that we cannot set aside an arbitration award merely because the arbitrators chose not to provide the parties with the reasons for their decision.

*Raytheon Co. v. Automated Business Systems, Inc.,* 882 F.2d 6, 8 (1st Cir.1989); *see generally Advest, supra,* 914 F.2d at 10 ("a showing of manifest disregard is 'extremely difficult' where the arbitrators have opted not to state reasons") (citing and quoting *O.R. Securities, supra,* 857 F.2d 742, 747 & n. 4). Therefore, the Panel's failure to explain its implicit finding that none of plaintiff's claims were barred by statutes of limitations does not provide the court with a basis for vacating the decision.

### b. The Colloquy

Defendants cite the following "colloquy between the Panel and counsel" as evidence demonstrating that "the arbitrators ... appreciate[d] the existence of a clearly defined legal principle, but decide[d] to ignore or pay no attention to it":

> THE CHAIRMAN: You need to know that this is running through our minds. *How much are we bound by the law?*
>
> MR. HAFFER: Well, we think you are; and in fact,—
>
> ARBITRATOR CARENS: Supposing there are three laymen sitting up here?
>
> MR. HAFFER: Well, if there were—lets—hypothetically, hypothetically, let's say that there is not basis on which the

Statute of Limitations could be disregarded, and the panel nevertheless disregarded the Statute of Limitations. We are entitled under the Federal Arbitration Act to go back into the Federal District Court and to argue that there's been a manifest disregard of law, and to ask that court to review this record and to reverse the determination of the panel.

THE CHAIRMAN: A manifest disregard for the law; that's the basis.

MR. HAFFER: Yes.

MR. CHAPMAN: Our position, for the panel's benefit, is that we filed this case in Federal Court and Merrill Lynch wanted the Arbitrator. *And as you all know, an arbitration panel is—the purpose of arbitration is to do equity.* The arbitration case has made that abundantly clear. *That doesn't mean you can totally ignore the law, but equitable principles confuse your decisionmaking process. And it is our position that when you apply equitable principles as well as the applicable legal principles, then you're permitted to disregard the Statute of Limitations.*

MR. HAFFER: We disagree one hundred percent with that, as you might expect.

THE CHAIRMAN: *And if we made such a decision, you would probably go to the Court and say it was a manifest disregard of law.*

MR. HAFFER: *Yes.*

MR. CHAPMAN: Well, excuse me; *I misspeak when I say, 'disregard.' I should have said that the Statute of Limitations is not applicable to this case. Disregard is to mis-speak.*

ARBITRATOR CARENS: So, there are two—on opposite side[s] of the question, so that if we come out one way or the other, it's hard to see that we have blatant disregard of the law.

Memo re Motion to Vacate at 5–6 (citing Attachment 10 thereof, Transcript of Oct. 28, 1992, Panel Hearing) (emphasis added).

The court interprets the above-quoted colloquy as containing (1) a brief restatement by counsel of the parties' arguments concerning statutes of limitations; and (2) statements by Merrill Lynch's counsel Mr. Haffer and Arbitrator Carens concerning their interpretations of the manifest disregard standard. The court finds no indication in the above-quoted colloquy that the Panel appreciated the putative validity of defendants' arguments concerning statutes of limitations and then declined to apply same, as required by *Advest, supra.* Accordingly, the court finds that said colloquy fails to demonstrate that the decision was made in manifest disregard of the law.[5]

In light of the above, defendants' motion to vacate arbitration award must be denied, and plaintiff's motion to confirm arbitration award must be granted.

### 4. Interest

█ Plaintiff contends that, upon this court's granting of its motion to confirm arbitration award, it is entitled to post-arbitration judgment interest from the date of the award.

Because "a court's judgment confirming an arbitration award must reflect what would have happened had the parties immediately complied with the award instead of going to court," *Marion Mfg. Co. v. Long,* 588 F.2d 538, 542 (6th Cir.1978), the court agrees with the Third Circuit that "[a] confirmed arbitration award made under the Federal Arbitration Act ... bears interest from the date of the judgment confirming it." *Sun Ship, Inc. v. Matson Navigation Co.,* 785 F.2d 59, 63 (3d Cir.1986). Accordingly, the court finds that plaintiff is entitled to post-arbitration judgment interest from the date of the award.

### 5. Conclusion

For the reasons stated herein, the court (1) denies defendants' motion to vacate arbitration award (document no. 46); (2) grants

---

**5.** Because defendants have failed to demonstrate that the arbitrators appreciated defendants' statute of limitations arguments concerning statutes of limitations as stating the "governing legal rule[s]" and then "willfully decided not to apply [them]," *Advest, supra,* 914 F.2d at 10, the court declines to address the question whether said arguments actually state the governing legal rules in this case.

plaintiff's motion to confirm arbitration award (document no. 57) and orders defendants to pay plaintiff post-arbitration award interest[6] from November 19, 1992; (3) denies defendant Lehto's motion to join in Merrill Lynch's motion to vacate arbitration award (construed as motion to vacate arbitration award, *see supra* note 2) (document no. 54); (4) denies as moot defendant Merrill Lynch's motion for a more definite statement, or, alternatively, for dismissal for failure to state a claim on which relief can be granted (document no. document no. 47); and (5) denies as moot defendant's Lehto's motion to dismiss for failure to state a claim on which relief may be granted (statute of limitations) (document no. 56).

SO ORDERED.

## APPENDIX

## NEW YORK STOCK EXCHANGE

In the Matter of the Arbitration Between

Trustees of Lawrence Academy at Groton on behalf of the Estate

of Dorothy Whitman Bunce; and Jay E. Hodes, Executor

of the Estate of Dorothy Whitman Bunce

v.

Eric C. Lehto and Merrill Lynch Pierce & Smith, Inc.

## DECISION OF THE ARBITRATORS

Respondents Eric Lehto and Merrill Lynch Pierce & Smith, Inc. jointly and severally shall pay to the Claimants Trustees of Lawrence Academy at Groton on behalf of the Estate of Dorothy Whitman Bunce; and Jay E. Hodes, Executor of the Estate of Dorothy Whitman Bunce the sum of $435,872.00.

Because of the unusual circumstances of this case, the panel feels that it should set forth the reasons for its decision.

The respondent Eric Lehto was the stockbroker of Frederick Bunce, the husband of the decedent Dorothy Whitman Bunce. Upon Frederick Bunce's death in 1981, Lehto ingratiated himself further with the widow. Dorothy Bunce executed a will on June 25, 1982 leaving approximately one-half of her estate to Lehto. Under Lehto's stewardship, Mrs. Bunce embarked on a program of trading in stock options which the panel finds is highly speculative and an improper investment for a 70 year old widow. As a result of this trading and a result of the gifts made by Mrs. Bunce to Lehto and his family, the joint account managed by Lehto at Merrill Lynch which had been received by Mrs. Bunce as the result of her husband's death was reduced from $400,000.00 more or less to approximately $10,000.00.

The panel finds that Eric Lehto violated his fiduciary duty toward Dorothy Bunce, violated written rules of Merrill Lynch and took undue advantage of a person of Mrs. Bunce's age and inexperience in dealing with her account.

The Panel finds that Merrill Lynch is liable for Lehto's conduct, not only as a matter of principal/agent law, but also for failing to observe its own written rules of supervision of customer's accounts.

In making its award, the panel has attempted to put the Trustees of Lawrence Academy at Groton in the position it would have been in but for the misconduct of respondents Eric C. Lehto and Merrill Lynch Pierce Fenner & Smith, Inc. However, the Trustees of Lawrence Academy at Groton are claimants in these proceedings "*on behalf of the Estate of Dorothy Whitman Bunce*". The panel has found damages to the Estate of Dorothy Whitman Bunce *only in so far as* such damages reflect a loss to the Trustees of Lawrence Academy at Groton, beneficiaries of the estate of Dorothy Whitman Bunce.

Should the entire Dorothy Bunce estate be made whole for the misconduct of Eric Lehto and Merrill Lynch, Lehto, being the beneficiary of one-half of the estate would benefit as a result of his own misconduct. Therefore, the panel hopes that the Trustees of

---

6. Such interest shall be calculated in the manner set forth at 28 U.S.C. § 1961(a) (Supp.1993). *Fort Hill Builders v. National Grange Mut. Ins.* *Co.*, 682 F.Supp. 145, 150 (D.R.I.1988), *aff'd in part and rev'd in part,* 866 F.2d 11 (1st Cir.1989) (issue not raised on appeal).

Lawrence Academy at Groton will pursue their remedies at law to insure that no part of the damages awarded by the panel to the Dorothy Whitman Bunce Estate in these proceedings goes to Eric Lehto. It would be unconscionable for him to profit by his own wrongdoing, in addition to which, he has already squandered his expectancy from the estate of Dorothy Whitman Bunce by improperly investing the funds in option trading.

The New York Stock Exchange, Inc. forum fees are assessed against respondents jointly and severally. Each side to bear their own costs and attorneys fees.

WELLESLEY, MASSACHUSETTS

November 19, 1992

The Arbitrators:

/s/ Thomas J. Carens
Thomas J. Carens

/s/ Morris Gray
Morris Gray

/s/ Edward O. Proctor, CH
Edward O. Proctor, CH