**H. Jack FEIBELMAN, d.b.a.
Feibelman & Krack**

v.

**F.O., INC.**

**No. 91–443–Appeal.**

Supreme Court of Rhode Island.

March 25, 1992.

Robert Karmen, Matthew F. Medeiros, Flanders & Medeiros, Providence, for plaintiff.

Robert Bodianes; John D. Biafore, Goldman & Biafore, Providence, for defendant.

OPINION

PER CURIAM.

This case came before the court for oral argument on March 6, 1991, pursuant to an order directing both parties to appear and show cause why the issues raised should not be summarily decided. H. Jack Feibelman (Feibelman) appeals from a Superior Court order that vacated in part an arbitration award. For the reasons set forth below, we sustain the plaintiff's appeal and reverse the judgment of the trial justice.

Pursuant to the Agreement for Purchase of Assets and Assumption of Liabilities (asset-purchase agreement) dated May 31, 1988, defendant F.O., Inc., purchased for $810,000 the assets and liabilities of T.A.T., Inc., a corporation owned in part by Feibelman. Included in that purchase price was a covenant not to compete in the area of ladies' fine-fashion jewelry. The terms of the noncompetition agreement were contained in the asset-purchase agreement.

Thereafter, on June 1, 1988, the parties entered into the Sales Representation Agreement (sales agreement) in which Feibelman agreed to act as an independent sales representative for F.O., Inc., subsequent to its purchase of T.A.T., Inc.'s assets. This agreement also contained a noncompetition provision, good for the life of that agreement. The noncompetition provision contained in the asset-purchase agreement was binding until two years after the termination of the sales agreement.

A dispute arose in connection with performance of the parties under the sales agreement, resulting in an arbitration. The arbitrator ruled, in relevant part that: (1) the sales agreement was breached by F.O., Inc., and that it was, therefore, justifiably and properly terminated and (2) the noncompetition provisions of both the sales agreement and the asset-purchase agreement are terminated as to Feibelman, and are no longer enforceable against Feibelman, Feibelman and Krack or any of its subsidiaries.

By decision rendered on August 14, 1991, the Superior Court vacated that part of the arbitrator's award terminating the noncompetition provision of the asset-purchase agreement, on the ground that such ruling exceeded the arbitrator's power as expressly limited under the arbitration provision of the asset-purchase agreement. Paragraph 7.17 of that agreement states:

"No arbitrator or panel of arbitrators shall have the power to avoid, revise, amend, modify or reform the provisions of this Agreement except any which may be proscribed by law then applicable and to the extent only required by said law."

Feibelman then filed a motion for reconsideration or, in the alternative, for a stay of the order. On August 30, 1991, the Superior Court denied that motion, stating:

"Clearly, the arbitrator did not have the authority to void, revise, amend, or modify, or reform, as he did in this instance when he eliminated the non-compete clause. The only way he would have authority to do that is if that particular clause was proscribed by law * * * [T]he arbitrator has stated nothing by way of conclusion that there was a proscription, has offered no reasoning * * * I cannot believe that * * * any appellate authority would really intend to give an arbitrator without explanation such broad authority."

Among the issues raised on appeal plaintiff claims that the trial justice committed reversible error in vacating that portion of the arbitration award which terminated the noncompetition provision of the asset-purchase agreement. The plaintiff contends that the trial justice vacated that portion of the award not because the arbitrator lacked the authority to invalidate that clause but because the arbitrator failed to explain the reasons for his decision or state that the noncompetition provision was proscribed by law. We agree.

It is well settled that an arbitrator is not required to set forth reasons for an award or disclose findings of fact or conclusions of law on which that award is based. *See Westminster Construction Corp. v. PPG Industries, Inc.,* 119 R.I. 205, 209, 376 A.2d 708, 710 (1977) (and cases cited therein). Moreover, "when a party claims that the arbitrators have exceeded their authority, the claimant bears the burden of proving this contention, and every reasonable presumption in favor of the award will be made." *Coventry Teachers' Alliance v. Coventry School Committee,* 417 A.2d 886, 888 (R.I.1980).

A review of the record convinces us that the trial justice made every presumption against the award. The trial justice erroneously concluded that because there was no explanation offered for the arbitrator's award, it was in excess of his authority. There is no basis for such a conclusion. In fact, the absence of a transcript of the arbitration proceedings or stated conclusions of law and findings of fact make it impossible for one to determine whether the arbitrator did exceed his powers. Accordingly, the presumption lies in favor of the award. Furthermore, there is nothing in the record to indicate that F.O., Inc., offered any compelling evidence to illustrate that the arbitrator exceeded his authority, as required by our decision in *Coventry Teachers' Alliance,* 417 A.2d at 888.

For the reasons stated, the plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court.