Cheryl PIERCE, Individually and Cheryl Pierce, p.p.a. as Parent and Next of Friend of John T. Pierce, a minor

v.

RHODE ISLAND HOSPITAL,
d/b/a Hasbro Children's
Hospital et al.

No. 2004–374–Appeal.

Supreme Court of Rhode Island.

June 2, 2005.

Ronald J. Resmini, Providence, for Plaintiff.

Shannon Gilheeney, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

In the case now before us, an arbitrator amended his award after he was notified of an applicable statutory provision specifying the manner in which interest should be calculated in medical malpractice cases. The Superior Court then granted the defendant's motion to confirm the amended award. The plaintiff timely appealed the order of confirmation.

This case came before the Supreme Court for oral argument on May 11, 2005, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be decided summarily. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and proceed to decide the appeal at this time.

### I

#### Facts and Travel

On January 3, 2001, John T. Pierce (John), a two-and-a-half-year-old child, was

taken to the hospital to have a cast removed from his leg. As the doctor was removing the cast, John began to cry, scream, and yell. John's mother, Cheryl Pierce (plaintiff), was advised to hold the child down while the cast was being removed. Upon removal, abrasions and burns were visible on his leg. As a result of these injuries, the child sustained permanent scarring in three areas measuring between two and one-half and three centimeters long, by one-half to three-quarters of a centimeter wide.

The plaintiff filed a lawsuit in Superior Court individually and on behalf of her minor son against Rhode Island Hospital, d/b/a Hasbro Children's Hospital (defendant). The plaintiff alleged that defendant was negligent in removing the cast and sought damages for scarring and pain and suffering. In addition, plaintiff filed a loss of consortium claim on her own behalf. After beginning discovery, the parties consented to liability and agreed to submit the issue of damages to binding arbitration.

On September 3, 2004, an arbitration proceeding was held; it was rather informal. The arbitrator observed the scars on John's leg and took some measurements. During this proceeding, plaintiff advised the arbitrator of her loss of consortium claim. In response, the arbitrator questioned plaintiff about her recollection of the incident, but she was unable to recall any details. After the proceeding, the arbitrator faxed to both parties the award in the amount of $18,800 for damages sustained as a result of the incident. In addition, he added statutory interest in the amount of $8,272, resulting in an aggregate award of $27,072. The claim for loss of consortium was denied.

Shortly thereafter, defendant's attorney called the arbitrator's office and inquired of his assistant concerning the manner in which the statutory interest was calculated. Both parties subsequently received an amended arbitration award reducing the statutory interest awarded to plaintiff to $5,264, in accordance with G.L.1956 § 9–21–10, which resulted in a revised aggregate award of $24,064. The amended award again indicated that the loss of consortium claim was denied. The defendant then filed a motion pursuant to G.L.1956 § 10–3–11 to confirm the amended arbitration award.

After the Superior Court confirmed the amended award, plaintiff brought this appeal challenging the validity of the amended award in addition to the arbitrator's denial of her consortium claim. For the reasons stated below, we affirm the judgment of the Superior Court.

## II

### Discussion

As we consistently have acknowledged, "the role of the judiciary in the arbitration process is 'extremely limited.'" *Purvis Systems, Inc. v. American Systems Corp.*, 788 A.2d 1112, 1114 (R.I.2002) (quoting *Romano v. Allstate Insurance Co.*, 458 A.2d 339, 341 (R.I.1983)). Accordingly, arbitration awards enjoy a strong presumption of validity given the "strong public policy in favor of the finality of arbitration awards." *Prudential Property and Casualty Insurance Co. v. Flynn*, 687 A.2d 440, 441 (R.I.1996); *Purvis Systems, Inc.*, 788 A.2d at 1118. Under § 10–3–12, the court will vacate an arbitration award:

"(1) Where the award was procured by corruption, fraud or undue means.

"(2) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.

"(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial

evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.

"(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

■ An award also will be vacated when it is based upon a manifest disregard of the law. *Pier House Inn, Inc. v. 421 Corp.*, 812 A.2d 799, 802 (R.I.2002). It is this last standard on which plaintiff relies. To rise to the level of a manifest disregard of the law, the arbitrator's decision must evince " 'something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law.' " *Carlsten v. Oscar Gruss & Son, Inc.*, 853 A.2d 1191, 1195 (R.I.2004) (quoting *Purvis Systems, Inc.*, 788 A.2d at 1115). "To successfully challenge an arbitration award, the claimant has the burden of demonstrating that the arbitrator has exceeded his powers sufficient to warrant setting aside the award." *Ricci v. Marandola*, 800 A.2d 401, 404 (R.I.2002). In the absence of an express agreement or a requirement by statute, an arbitrator is not required to set forth any findings of fact and conclusions of law

supporting an award. *Westminster Construction Corp. v. PPG Industries, Inc.*, 119 R.I. 205, 208–10, 376 A.2d 708, 710 (1977).

■ Furthermore, arbitrators "should add prejudgment interest to their awards unless the parties specifically provide otherwise by agreement." *Paola v. Commercial Union Assurance Companies*, 461 A.2d 935, 937 (R.I.1983). The imposition of statutory interest "is a matter addressed to the arbitrators and * * * we shall accord the finding made in this area by an arbitrator * * * deference." *Mangiacapra v. Sentry Insurance Co.*, 517 A.2d 1041, 1042 (R.I.1986).

■ Section 9–21–10(b), which governs the imposition of statutory interest in medical malpractice cases,[1] provides:

"In all such medical malpractice actions * * * there shall be added * * * to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date of written notice of the claim by the claimant or his or her representative to the malpractice liability insurer, or to the medical or dental health care provider or the filing of the civil action, whichever first occurs."

■ Section 10–3–14(a) sets forth the limited grounds upon which an arbitrator's award must be modified or corrected:[2]

---

1. The plaintiff argues that the physician's negligence in treating John did not amount to medical malpractice but this contention is without merit. General Laws 1956 5–37–1(8) defines "medical malpractice" as

   "any tort, or breach of contract based on health care or professional services rendered, or which should have been rendered, by a physician, dentist, hospital, clinic, health maintenance organization or professional service corporation providing health care services and organized under chapter 5.1 of title 7, to a patient or the rendering of medically unnecessary services except at the informed request of the patient."

Although plaintiff attempts to characterize her cause of action as a simple negligence case, it is clear her personal injury claim is encompassed within the definition of § 5–37–1(8).

2. We note with some concern that there was ex parte communication between a party or counsel and the arbitrator. Counsel for both plaintiff and defendant have admitted that they contacted the arbitrator's office, after the original award was issued, without making the other aware of their conversation. This should be strictly avoided; just as with matters being litigated before judges, counsel and

"(1) Where there was an evident material miscalculation of figures, or an evident material mistake in the description of any person, thing, or property referred to in the award.

"(2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted.

"(3) Where the award is imperfect in matter of form not affecting the merits of the controversy."

The plaintiff's reliance upon *Flynn*, 687 A.2d at 440, for the proposition that an arbitrator cannot change his award based on a mistake of law is misplaced. In this case, § 9–21–10(b) clearly governs the amount of statutory interest that should have been added to plaintiff's award. The arbitrator's erroneous award of interest is cognizable as an "evident material miscalculation of figures." Section 10–3–14(a)(1). Given the "conspicuous incongruity" between the initial amount of interest awarded and the proper amount as prescribed by § 9–21–10(b), which was facially apparent in the award, the arbitrator was justified in correcting this "evident material miscalculation" under § 10–3–14 to "promote justice between the parties." *See Pier House Inn, Inc.*, 812 A.2d at 805. Therefore, we hold that the hearing justice was correct in affirming the amended award.

We now turn to the plaintiff's contention that the arbitrator's decision to deny the plaintiff's requested relief for loss of consortium was a manifest disregard of the law. *Pier House Inn, Inc.*, 812 A.2d at 802. To succeed in a loss of consortium claim, the plaintiff must demonstrate through testimony and evidence that he or she incurred some sort of loss. *See Jame-*

*son v. Hawthorne*, 635 A.2d 1167, 1172–73 (R.I.1994). As the record indicates, the arbitrator considered the consortium claim and rendered a decision based upon his interpretation of the evidence presented to him. The plaintiff admits on appeal that her deposition testimony was not submitted to the arbitrator during the proceedings before him. According to the arbitrator's affidavit, when advised of her claim for loss of consortium, he asked the plaintiff what she remembered of the event, and she answered that she was unable to remember anything. We are unable to discern anything in the record that suggests the level of irrationality that is required for this Court to find that the arbitrator's refusal to award damages for loss of consortium amounted to a manifest disregard of the law. We are satisfied that this was the appropriate decision based on the plaintiff's failure to submit any evidence to prove her claim and, therefore, affirm.

## Conclusion

For the reasons stated here, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

parties must not participate in unilateral communications with arbitrators.