DECISION
This case is before the Court on the School Committee of the Town of North Providence's (School Committee or Committee) motion to vacate an arbitration award. On February 16, 2010, the arbitrator issued an award in favor of the Rhode Island Laborers' District Council, Public Employees Local Union 1033 (Union). The School Committee moves to vacate the award, and the Union objects. For the reasons set forth below, the Court denies the Committee's motion and upholds the Arbitration Award.
 I Facts and Travel
The School Committee and the Union are presently subject to a Collective Bargaining Agreement ("CBA") effective from July 1, 2007 through June 30, 2010. On March 30, 2009, the Union filed a grievance on behalf of a number of bargaining unit employees that ultimately led to arbitration. On November 9, 2009, at the beginning of the arbitration hearing, the parties asked the arbitrator to determine whether the Committee violated the CBA when it classified nine *Page 2 
individuals[1] as substitute employees and refused to provide them with all of the benefits under the CBA. The arbitrator issued an award indicating that the School Committee violated the CBA when it classified five individuals as substitute employees and did not provide them with all of the CBA's benefits. Conversely, the arbitrator found that the School Committee did not violate the CBA by classifying the remaining four individuals as substitute employees. The School Committee moves to vacate the arbitrator's award.
The arbitration award explains the unique circumstances surrounding each of the individuals and considers the CBA's relevant contractual provisions. Specifically, the arbitrator explains the circumstances through which nine individuals came to work in their respective positions and cites Article VIII of the CBA: "Filling of Vacancies." According to the arbitrator, "[t]he dispute concerns whether the Employer misused the substitute classification to fill long-term vacancies or open positions and thereby avoided paying most of the benefits under the Contract." (Stutz Award at 11.) Because "the term `substitute' is commonly understood to mean a person who takes the place of another," the arbitrator considered whether the grievants "replaced an absent incumbent or, rather, served in an open, vacant position, and whether an absence was known by the Employer to be long-term." Id.
Upon considering each employee's circumstances individually, the arbitrator determined that the School Committee had violated the CBA with respect to the employment of five particular employees. The arbitrator found that the Committee erred with respect to each of these individuals and the positions they filled. Instead of being filled by substitutes, the positions should have been posted pursuant to Article VII[2] of the CBA so that bargaining members could bid on them. The arbitrator determined that the appropriate remedy was that "[t]he grievants *Page 3 
whose treatment violated the [CBA] should be made whole for lost benefits under the Contract, plus statutory interest."Id. at 15. Conversely, based upon the CBA and their individual circumstances, the arbitrator found that the Committee did not violate the CBA when it appointed four other employees to their respective positions.
The School Committee presently argues that the award should be vacated because the arbitrator exceeded his authority and did not draw the essence of the award from the CBA. The Committee objects to the requirement that the affected individuals must be given benefits despite the fact that they were not interviewed or appointed by the Committee. The Committee argues that G.L. 1956 §§ 16-2-9(a)(13) and 16-2-11(a)(7) give the Superintendent and Committee sole authority to appoint school personnel, but that the arbitrator — through his award — essentially appointed the grievants in violation of the statutes. The Committee also argues that the award creates its own definition of vacancy in violation of the CBA.
 II Standard of Review
"Public policy favors the finality of arbitration awards, and such awards enjoy a presumption of validity." Cityof East Providence v. International Association of FirefightersLocal 850, 982 A.2d 1281, 1285 (R.I. 2009). Thus, the Court reviews "arbitral awards under an exceptionally deferential standard[.]" North ProvidenceSchool Committee v. North Providence Federation of Teachers,Local 920, 945 A.2d 339, 347 (R.I. 2008). Courts must vacate arbitral awards in the following circumstances:
 (1) When the award was procured by fraud.
 (2) Where the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made. *Page 4 
 (3) If there was no valid submission or contract, and the objection has been raised under the conditions set forth in § 28-9-13. G.L. 1956 § 28-9-18(a).
An arbitrator exceeds his authority under § 28-9-18(a)(2) when the award does not "draw . . . its essence from the collective-bargaining contract or is not based on a pass[a]bly plausible interpretation thereof[.]" Rhode IslandBrotherhood of Correctional Officers v. Department ofCorrections, 707 A.2d 1229, 1234 (R.I. 1998) (internal quotations omitted). "As a general rule, when a party claims that the arbitrators have exceeded their authority, the claimant bears the burden of proving this contention, and every reasonable presumption in favor of the award will be made."Coventry Teachers' Alliance v. Coventry School Committee,417 A.2d 886, 888 (R.I. 1980) (internal citation omitted).
"A reviewing court must determine whether the arbitrator has resolved a grievance by considering the proper sources, such as the contract in effect between the parties." State v. NationalAssociation of Government Employees Local No. 79,544 A.2d 117, 119 (R.I. 1988). "Judicial reversal of an arbitrator's award solely on the ground of a reviewing court's disagreement with the arbitrator's construction of the contract is prohibited."Buttie v. Norfolk Dedham Mutual Fire Insurance Company,995 A.2d 546, 553-54 (R.I. 2010) (internal quotation omitted). Such a reversal "would not only nullify the bargain made by the parties but also threaten the strong public policy that favors private settlement of grievance disputes arising from collective bargaining agreements." Belanger v. Matteson,346 A.2d 124, 355-356 (R.I. 1975).
G.L. 1956 § 28-9-16, the statute governing the enforceability of arbitral awards, states:
 To entitle the award to be enforced, as prescribed in this chapter, it must be in writing, within the time limited in the submission or contract, if any, subscribed by the arbitrator or arbitrators making it, and either filed in the office of the clerk of the court having *Page 5 
jurisdiction as provided in § 28-9-14 or delivered to one of the parties or his or her attorney.
Upon timely application, the court will confirm an award that meets the criteria in § 28-9-16, is otherwise enforceable, and has not been "vacated, modified, or corrected." G.L. 1956 §§ 28-9-13, and 17.
 III Analysis
At the outset, this Court is well aware that "[t]he limited scope of judicial review of arbitration awards by the Superior Court is essential to ensure that parties may benefit from arbitration as an informal, expedient alternative to litigation in the court system."Purvis Systems, Inc. v. American Systems Corp.,788 A.2d 1112, 1118 (R.I. 2002). For the foregoing reasons, the Court declines to vacate the arbitral award at issue.
The School Committee contends that the arbitrator's award exceeds his authority because he arguably appointed school personnel in violation of Rhode Island statutes. Notably though, "[a]n arbitrator has the inherent power to fashion an appropriate remedy as long as the award draws its essence from the contract and is based upon a `passably plausible' interpretation of the contract." HartEngineering Co. v. Pawtucket Water Supply Board,560 A.2d 329, 330 (R.I. 1989) (internal quotation omitted). Moreover, "when a party claims that [an] arbitrator[ has] exceeded [his] authority, the claimant bears the burden of proving this contention, and every reasonable presumption in favor of the award will be made." Feibelman v. F.O., Inc.,604 A.2d 344, 345 (R.I. 1992) (quoting Coventry Teachers'Alliance v. Coventry School Comm.,417 A.2d 886, 888 (R.I. 1980)). *Page 6 
This Court finds that the arbitrator's award draws its essence from the CBA. After discussing how Article VIII of the CBA requires the Committee to post vacant positions for bargaining members to bid on, the arbitrator determined that "[t]he dispute concerns whether the Employer misused the substitute classification to fill long-term vacancies or open positions and thereby avoided paying most of the benefits under the Contract." (Stutz Award at 11.) He then analyzed the circumstances surrounding each position to determine whether the vacancies must be posted pursuant to Article VIII, or whether they could be temporarily filled by substitutes. This Court determines that the "arbitrator has resolved [the] grievance by considering the proper sources. . . ." National Association of GovernmentEmployees Local No. 79, 544 A.2d at 119. This Court is aware that "[j]udicial reversal of an arbitrator's award solely on the ground of a reviewing court's disagreement with the arbitrator's construction of the contract is prohibited." Buttie, 995 A.2d at 553-54 (internal quotation omitted). In the present dispute, this Court is satisfied that the arbitrator's decision is "based on a pass[a]bly plausible interpretation" of the CBA.Rhode Island Brotherhood of Correctional Officers v. StateDepartment of Corrections, 707 A.2d 1229, 1234 (R.I., 1998).
Noting that "[p]ublic policy favors the finality of arbitration awards, and such awards enjoy a presumption of validity," this Court finds that the arbitrator has not exceeded his authority and has drawn the award from the essence of the CBA. Cityof East International Association of Firefighters,982 A.2d at 1285 (citing Pierce v. Rhode Island Hospital,875 A.2d 424, 426 (R.I. 2005)). *Page 7 
 VI Conclusion
For the foregoing reasons, this Court finds that the arbitrator was well within his power and authority when making the present award. Thus, the School Committee's motion to vacate is denied.
[1] The identities of the individuals referenced herein are listed in the arbitrator's decision.
[2] Notably, Article VII "provides for vacancies from within the bargaining unit to be posted and first consideration given to employees within the department where the vacancy occurs." (Stutz Award at 11.)