March 14, 2018

**Supreme Court**

No. 2016-343-Appeal.
(NC 16-215)

ABC Building Corporation d/b/a Advanced   :
      Building Concepts

           v.               :

  Ropolo Family, LLC.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2016-343-Appeal.
(NC 16-215)
(dissent begins on page 12)

ABC Building Corporation d/b/a Advanced      :
          Building Concepts

                    v.                       :

Ropolo Family, LLC.                          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  The defendant, Ropolo Family, LLC, appeals from an order of the Superior Court that confirmed an arbitration award in favor of the plaintiff, ABC Building Corporation, and from a corresponding judgment of the Superior Court in favor of ABC and against Ropolo in the amount of $72,415, plus statutory interest in the amount of $7,086.24 through the date of the arbitration award, and post-award interest thereafter.  Ropolo contends on appeal that the arbitrator exceeded his authority by (1) manifestly disregarding clear and unambiguous contractual language that should have precluded any award in favor of ABC, and (2) manifestly disregarding well-settled law by awarding ABC recovery in quasi-contract when a valid and enforceable contract was in existence.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.  After considering the parties' written and oral arguments, and after reviewing the record, we conclude that cause has not been shown and that

- 1 -

this case may be decided without further briefing or argument. For the reasons set forth below, we affirm the order and judgment of the Superior Court.

## I

## Facts and Travel

ABC and Ropolo entered into a contract for the construction of a restaurant in Newport. Sometime thereafter, a dispute arose regarding payment that Ropolo owed to ABC. It is uncontroverted that, when it failed to receive full payment on the bills it submitted to Ropolo, ABC ceased work on the project.[1] The contract provided that the parties would submit their dispute to binding arbitration. They did, and, after significant discovery and protracted hearings, the arbitrator awarded $72,415 to ABC, plus $7,086.24 in interest. The arbitrator predicated his award on the following pertinent findings:

> "3. I find that under the factual circumstances of this matter, the Agreement and its General Conditions require payment by [Ropolo] to [ABC] of the fair and reasonable value of labor and materials supplied on the project.
> "4. I find that [ABC's] testimony, taken as a whole, was sufficient and credible as to the fair and reasonable cost of work, the reasonable necessity of the work, payment by [ABC] for the work, and [ABC's] communication of the same to [Ropolo].
> " * * *
> "8. I find that [ABC] did not materially breach the Agreement."

In rendering his award, the arbitrator decided that "[ABC] is entitled to recover from [Ropolo] under the contract and alternatively in quantum meruit * * *."

ABC moved to confirm the arbitration award in the Superior Court. Ropolo objected to ABC's motion to confirm and simultaneously moved to vacate the arbitration award. Ropolo

---

[1] ABC characterizes its cessation of work on the project as its electing to terminate the contract pursuant to article 10 of the contract due to lack of payment by Ropolo. Ropolo characterizes ABC's stoppage as a material breach of the contract.

argued that the arbitrator manifestly disregarded clear and unambiguous contractual language—specifically, § 7.1.4:

> "With each Application for Payment, the Construction Manager shall submit payrolls, petty cash accounts, receipted invoices or invoices with check vouchers attached, and any other evidence required by the Owner or Architect to demonstrate that cash disbursements already made by the Construction Manager on account of the Cost of the Work equal or exceed progress payments already received by the Construction Manager, less that portion of those payments attributable to the Construction Manager's Fee, plus payrolls for the period covered by the present Application for Payment."

This language, according to Ropolo, "required that ABC submit specific items with each [a]pplication for [p]ayment to substantiate each line item billed[,]" including documentation of payroll, receipted invoices, and evidence of prior payments made by the owner. This, Ropolo claimed, ABC failed to do. Ropolo asserted that much of the work for which ABC was seeking compensation related to intangible supervisory and management labor and that, because ABC had not submitted time sheets or other documentation, it was impossible for Ropolo to know if the work had actually been performed. Ropolo further averred that it had not received the requisite backup documentation for that work from ABC until after ABC initiated arbitration, and thus Ropolo considered itself justified in withholding payment to ABC. Furthermore, Ropolo argued, the arbitrator manifestly disregarded applicable law when he awarded ABC recovery in quantum meruit despite the existence of a valid, legally enforceable contract. Subsequently, ABC filed an objection to Ropolo's motion to vacate the arbitration award, maintaining that it had provided sufficient substantiation for the bills it submitted to Ropolo, and that the arbitrator had so found.

On July 1, 2016, a hearing was held on the parties' cross-motions to confirm and vacate the arbitration award. ABC explained that it was a general contractor hired by Ropolo "to do a

construction build-out of a new restaurant location in Newport." However, ABC posited, a disagreement arose between the parties because Ropolo "was complaining about the progress and was disputing the invoices"; in response, ABC notified Ropolo that it was terminating their agreement. Thereafter, according to ABC, the arbitrator found that the documentation provided by ABC to Ropolo with the applications for payment was sufficient to substantiate those invoices, and, as such, ABC had not breached the contract by stopping work.

ABC next addressed the two arguments that had been raised by Ropolo as grounds for vacating the arbitration award. First, with respect to whether the arbitrator had disregarded the contract, ABC emphasized that the arbitrator, who had significant experience in this area of the law, had held multiple days of hearings, heard from witnesses involved in the dispute, and accepted lengthy post-arbitration memoranda from the parties addressing the very issues Ropolo was raising before the Superior Court. According to ABC, the arbitrator conducted a thorough review of the evidence before him and "clearly found that there [were] clear and unambiguous terms of the contract that supported [ABC's] claim for breach of contract, that [ABC] had supplied sufficient evidence of those damages and was entitled to recover." Second, with respect to whether the arbitrator had disregarded the law when providing for recovery in quantum meruit as an alternative to a contract-based recovery, ABC asserted that the arbitrator did not misapply the law or make a mistake of law. But even if he had ruled that the elements of quasi-contract were satisfied, ABC argued, mere error of law is an insufficient basis for vacating an arbitration award. In light of the Superior Court's limited review of arbitration awards pursuant to G.L. 1956 § 10-3-12, and given that the arbitrator had already examined and rejected the arguments raised by Ropolo, ABC maintained that the award should be confirmed.

- 4 -

Ropolo disagreed. It first recognized the heavy burden it had to overcome in asking the Superior Court to vacate the arbitrator's award. Nonetheless, Ropolo argued—as it had at arbitration—that ABC had not complied with § 7.1.4 of the contract by failing to submit backup documentation, in the form of payrolls or receipts, with its invoices to Ropolo. According to Ropolo, the arbitrator did not find that, under the contract, ABC had submitted sufficient documentation to Ropolo with each application for payment; in fact, the arbitrator did not find that substantiating documentation had been submitted to Ropolo at all. Rather, as Ropolo saw it, the arbitrator simply found "that [ABC's] testimony, * * * taken as a whole, was sufficient and credible as to the fair and reasonable cost of the work"—language Ropolo characterized as sounding in quantum meruit. Ropolo thus maintained that the arbitrator based his award solely on the testimony at arbitration, and not on a finding that ABC had complied with § 7.1.4 before terminating the contract and initiating arbitration.[2]

ABC countered that, in fact, the arbitrator had based his decision on the applications for payment and the corresponding time sheets, which ABC introduced into evidence at arbitration and which Ropolo had exhaustively examined. ABC conceded that the actual time sheets had not been submitted to Ropolo with the applications for payment during the course of the project.[3] Nevertheless, according to ABC, the applications for payment did indeed include summaries of the time spent on the project. Moreover, according to ABC, during the course of the project, Ropolo never once asked for the supporting time sheets; Ropolo simply began selectively paying ABC for some charges and not for others. It was not until ABC terminated the contract for such

---

[2] In response to questioning by the hearing justice, Ropolo acknowledged that it had raised these very issues in its post-arbitration memorandum to the arbitrator.

[3] The time sheets were produced during pre-arbitration discovery.

selective payments that Ropolo complained of a lack of substantiating documentation accompanying each application.

Following the parties' arguments, the hearing justice rendered his decision. He, too, was impressed by the experience of the arbitrator in the field of contract law, and the hearing justice noted that it was the parties who selected that arbitrator to perform that role. The hearing justice expressed his reluctance to set aside the arbitrator's award, especially where it had not been shown to be "clearly ambiguous, totally arbitrary, [or] otherwise unreasonable." In addition, the hearing justice found that the arbitrator had performed his function by making findings of fact, "and based on that [the hearing justice would] sustain the arbitrator[']s award." Accordingly, the hearing justice confirmed the arbitration award and entered a judgment for the awarded amount of $72,415, plus statutory interest in the amount of $7,086.24 through the date of the arbitration award, as well as interest thereafter. Ropolo timely appealed.

## II

### Standard of Review

"Rhode Island has a strong public policy in favor of the finality of arbitration awards." *Berkshire Wilton Partners, LLC v. Bilray Demolition Co., Inc.*, 91 A.3d 830, 834 (R.I. 2014). In that light, "[t]o preserve the integrity and efficacy of arbitration proceedings, judicial review of arbitration awards is extremely limited." *Id.* at 834-35. This "policy of finality is reflected in the limited grounds that the Legislature has delineated for vacating an arbitration award." *Id.* at 835 (quoting *Prudential Property and Casualty Insurance Co. v. Flynn*, 687 A.2d 440, 441 (R.I. 1996)).

In reviewing an arbitrator's award, this Court, like the Superior Court, follows the Arbitration Act, codified at G.L. 1956 chapter 3 of title 10. "Section 10-3-12 sets forth the

narrow conditions pursuant to which an arbitration award must be vacated[.]" *Atwood Health Properties, LLC v. Calson Construction Co.*, 111 A.3d 311, 314 (R.I. 2015). It provides, in pertinent part, that "the court must make an order vacating the award upon the application of any party to the arbitration * * * [w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Section 10-3-12(4). "An arbitrator may exceed his or her authority by giving an interpretation that fails to draw its essence from the parties' agreement, is not passably plausible, reaches an irrational result, or manifestly disregards a provision of the agreement." *Berkshire Wilton Partners, LLC*, 91 A.3d at 835. An arbitration award may also be vacated "when the arbitrator has manifestly disregarded the law." *Id.* "[A] manifest disregard of the law requires something beyond and different from a mere error in the law or failure on the part of the arbitrator[ ] to understand or apply the law." *Id.* at 836-37 (quoting *City of East Providence v. International Association of Firefighters Local 850*, 982 A.2d 1281, 1286 (R.I. 2009)). Rather, it "occurs when an arbitrator 'understands and correctly articulates the law, but then proceeds to disregard it.'" *Id.* at 837 (quoting *City of Cranston v. Rhode Island Laborers' District Council Local 1033*, 960 A.2d 529, 533 (R.I. 2008)).

At the same time, the General Assembly has also provided that "any party to the arbitration may apply to the [Superior Court] for an order confirming the award, and thereupon the court must grant the order confirming the award unless the award is vacated, * * * as prescribed in §[] 10-3-12 * * *." Section 10-3-11. Thus, if none of the "narrow conditions" delineated in § 10-3-12—as this Court has interpreted them—are present, and if there has been no manifest disregard of the law, "[t]he statutory directive is clear: a reviewing justice *must* confirm the award * * *." *Wheeler v. Encompass Insurance Co.*, 66 A.3d 477, 480, 481 (R.I.

2013) (emphasis added). Certainly we will make "[e]very reasonable presumption in favor of the award * * *." *Berkshire Wilton Partners, LLC*, 91 A.3d at 835 (quoting *Feibelman v. F.O., Inc.*, 604 A.2d 344, 345 (R.I. 1992)). Of particular import, "[a]s long as the award 'draws its essence' from the contract and is based upon a 'passably plausible' interpretation of the contract, it is within the arbitrator's authority and our review must end." *Rhode Island Court Reporters Alliance v. State*, 591 A.2d 376, 378 (R.I. 1991) (quoting *Jacinto v. Egan*, 120 R.I. 907, 912, 391 A.2d 1173, 1176 (1978)).

### III

### Discussion

There is no question that one who seeks to vacate an arbitration award shoulders a heavy load. Because "[p]ublic policy favors the finality of arbitration awards, * * * such awards enjoy a presumption of validity." *Lemerise v. Commerce Insurance Co.*, 137 A.3d 696, 699 (R.I. 2016) (quoting *State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers*, 64 A.3d 734, 739 (R.I. 2013)). After all, "[p]arties voluntarily contract to use arbitration as an expeditious and informal means of private dispute resolution, thereby avoiding litigation in the courts." *Berkshire Wilton Partners, LLC*, 91 A.3d at 834 (quoting *Aetna Casualty & Surety Co. v. Grabbert*, 590 A.2d 88, 92 (R.I. 1991)). To that end, "[p]arties who have contractually agreed to accept arbitration as binding are not allowed to circumvent an award by coming to the courts and arguing that the arbitrators misconstrued the contract or misapplied the law." *Id.* at 835 (quoting *Prudential Property and Casualty Insurance Co.*, 687 A.2d at 441).

In our considered opinion, Ropolo is attempting to do just that. The company disagrees with the manner in which the arbitrator viewed and applied the contract between the parties, and it disagrees with the basis on which the arbitrator awarded recovery to ABC. However, neither

avenue by which Ropolo has sought to vacate the arbitration award—first in the Superior Court, and now before this Court—can afford Ropolo any relief.

First, we note that "review of an arbitration award does not permit 'judicial re-examination' of the relevant contractual language." *Berkshire Wilton Partners, LLC*, 91 A.3d at 837 (quoting *Jacinto*, 120 R.I. at 912, 391 A.2d at 1175). The arbitrator clearly was aware of and considered § 7.1.4 of the contract. In fact, Ropolo exploited the requirements of that provision extensively throughout the arbitration hearings and in its post-arbitration memorandum, relying on § 7.1.4 to argue for an award in its favor. Quite simply, Ropolo does not agree with the outcome that the arbitrator reached in the face of that contractual language. Despite the lack of an explicit reference to § 7.1.4 in the award, it is simply not appropriate for this Court to now hold—in hindsight, and contrary to our long-standing jurisprudence about the finality of arbitration awards—that the arbitrator "manifestly disregard[ed] [that] provision of the agreement." *Id.* at 835.

In its argument to this Court, Ropolo relies on *Nappa Construction Management, LLC v. Flynn*, 152 A.3d 1128 (R.I. 2017), but, in our opinion, that case is inapposite. In *Nappa*, although the arbitrator faulted both parties for the delays in a construction project, he "effectively found [the contractor] to be in breach of contract" due to its subpar performance. *Nappa Construction Management, LLC*, 152 A.3d at 1133-34, 1135. Thus, under the terms of the contract, the owners had the right both to order the contractor to temporarily suspend construction and to withhold payment from the contractor until the problems were addressed. *Id.* at 1133-34. As a result, the arbitrator ruled, such nonpayment was not a justifiable cause for the contractor to terminate the contract. *Id.* at 1134, 1135. Nevertheless, in his efforts to craft what he believed to be a fair remedy given what he viewed as equally borne fault, the arbitrator "took

it upon himself to end the parties' 'combative, contentious, dysfunctional relationship' by employing the fiction that the [owners] had terminated the contract 'for convenience[,]'" as they were permitted to do under the agreement. *Id.* at 1134. We vacated the award, however, because, "[u]nder the parties' agreement, a termination for convenience [could] be exercised *only* by the [owners] and *completely* in their discretion"—a right that the owners had not, in fact, exercised. *Id.* (emphasis added). Accordingly, a majority of this Court held that the arbitrator exceeded his authority by triggering that contractual provision himself; "[i]ndeed, the arbitrator's interpretation [was] in direct contravention of the contractual language." *Id.* at 1133, 1134. In contrast, the arbitrator here plainly found in his award that *the contract* "require[s] payment by [Ropolo] to [ABC]" based on his finding of "sufficient and credible [evidence] as to the fair and reasonable cost of work * * * and [ABC's] *communication of the same* to [Ropolo]." (Emphasis added.) Consequently, we hold that the award "draw[s] its essence from the parties' agreement," including the contractual language and requirements of § 7.1.4. *Berkshire Wilton Partners, LLC*, 91 A.3d at 835. As such, "[w]e believe the decision of the arbitrator * * * is sufficiently 'grounded in the contract' to be within the scope of his authority." *Jacinto*, 120 R.I. at 913-14, 391 A.2d at 1176 (quoting *United Steelworkers of America v. United States Gypsum Co.*, 492 F.2d 713, 731-32 (5th Cir. 1974)).

Second, "[t]he deference due to the arbitrator is such that an arbitrator's mere error of law is insufficient grounds to vacate his award." *Berkshire Wilton Partners, LLC*, 91 A.3d at 836. Nor is a "failure on the part of the arbitrator[] to understand or apply the law" sufficient for vacation. *Id.* at 837 (quoting *City of East Providence*, 982 A.2d at 1286). Rather, a manifest disregard of the law—which "occurs when an arbitrator 'understands and correctly articulates the law, but then proceeds to disregard it'"—is required for this Court to vacate an arbitrator's

- 10 -

award. *Id.* (quoting *City of Cranston*, 960 A.2d at 533). According to Ropolo, the arbitrator did just that when he decided that "[ABC] is entitled to recover from [Ropolo] under the contract *and alternatively in quantum meruit* the total amount of $72,415.00[.]" (Emphasis added.) Because, as Ropolo sees it, neither party contests that there was a valid contract in existence, and because ABC materially breached the agreement when it stopped working on the project, ABC is precluded from recovering under a quasi-contract theory. However, to accept that argument would require us to ignore the express finding by the arbitrator that "[ABC] did not materially breach the Agreement." That, we cannot and will not do. It is clear to us that the arbitrator awarded ABC recovery under the contract itself; recovery in quantum meruit was merely an alternative basis.

It bears emphasizing that, "[i]n general, courts look with disfavor on efforts to overturn arbitration awards and thereby frustrate the arbitration process. Only in cases in which an award is so tainted by impropriety or irrationality that the integrity of the process is compromised should courts intervene." *Prudential Property and Casualty Insurance Co.*, 687 A.2d at 441. This is simply not such a case.

## IV

### Conclusion

For the reasons set forth above, we affirm the order and judgment of the Superior Court. The record shall be remanded to the Superior Court.


Justice Goldberg participated on the basis of the briefs.

**Justice Robinson, dissenting.** I respectfully dissent from the majority's opinion affirming the grant of ABC Building Corporation's (ABC) motion to confirm the arbitration award in this case. In my view, this Court should vacate that award. In ruminating on this case, I have been guided by the following eloquent statement of Justice William O. Douglas, writing for the United States Supreme Court in the case of *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960):

> "[An arbitrator] does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the [contract]. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award."[1]

In my judgment, Justice Douglas's statement is entirely consistent with Rhode Island's law with respect to arbitration awards. We have stated that an arbitrator is "confined to interpret the terms of the agreement [between the parties] so as to effectuate the intentions of the parties to the contract." *Rhode Island Council 94, AFSCME, AFL-CIO v. State*, 714 A.2d 584, 588 (R.I. 1998). An arbitrator's "broad authority to interpret the agreement between the parties and fashion an appropriate remedy is not unbridled. His or her authority is contractual in nature and is limited to the powers conferred in the parties' [contractual agreement]." *Nappa Construction Management, LLC v. Flynn*, 152 A.3d 1128, 1133 (R.I. 2017) (alteration in original) (internal quotation marks omitted). This Court "must make an order vacating the award upon the application of any party to the arbitration * * * [w]here the arbitrators exceeded their powers * * *." G.L. 1956 § 10-3-12(4). We have repeatedly held that "[a]n arbitrator may exceed his or her authority by giving an interpretation that fails to *draw its essence from the*

---

[1]    *See also Rhode Island Council 94, AFSCME, AFL-CIO v. State*, 714 A.2d 584, 589 (R.I. 1998) (quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).

- 12 -

*parties' agreement*, is not passably plausible, reaches an irrational result, or *manifestly disregards a provision of the agreement*." *Nappa Construction Management, LLC*, 152 A.3d at 1133 (alteration in original) (emphasis added) (internal quotation marks omitted); *see also State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers*, 866 A.2d 1241, 1245 (R.I. 2005).

I candidly recognize at the outset that our review of arbitration awards is "extremely limited." *Nappa Construction Management, LLC*, 152 A.3d at 1133. I also recognize that such awards "enjoy a presumption of validity." *Lemerise v. Commerce Insurance Co.*, 137 A.3d 696, 699 (R.I. 2016) (internal quotation marks omitted). However, my unblinking view that the arbitration award should be vacated in this case is not the product of a mere disagreement with the arbitrator's award. Rather, in my opinion, even keeping in mind the "extremely limited" standard of review that applies here, the award in this case failed to draw its essence from the contract between the parties and manifestly disregarded that contract. *Nappa Construction Management, LLC*, 152 A.3d at 1332-33. Accordingly, the just-cited precedent in this area of the law leads me ineluctably to the view that the arbitrator exceeded his authority and that the award in this case should be vacated. *See* § 10-3-12(4).

The arbitration award at issue in the instant case states that the contract required payment of the "fair and reasonable value of labor and materials supplied on the project" and that ABC's testimony was "sufficient and credible" as to "the fair and reasonable cost" of the work done by ABC and as to ABC's "communication of the same to [Ropolo Family, LLC]." However, the words "fair and reasonable" do not appear at all in the contract between the parties—neither literally nor in paraphrase. In my opinion, it strains credulity to suggest that the arbitration award in this case properly drew its essence from the contract between the parties when the

- 13 -

standard which the arbitrator asserted was required by the contract, and which he ultimately employed, does not exist in the contract at all. This Court has stated that, in Rhode Island, "[a]rbitration is a creature of the contract between the parties * * *." *Rhode Island Brotherhood of Correctional Officers*, 866 A.2d at 1247. It is clear to me that the arbitration award in the instant case most certainly was not a "creature of the contract."

Moreover, the arbitrator was asked to resolve the debate between the parties over what documentation ABC was required to include with its bills when those bills were presented to Ropolo Family, LLC. Specifically, the application of § 7.1.4 of the agreement between the parties was at issue. Shockingly, however, nowhere in the arbitration award does the arbitrator even mention § 7.1.4, nor does he resolve the question of what backup documentation was required; the arbitrator simply states in an utterly conclusory manner that ABC did not materially breach the contract. That fact serves to confirm my view that, even viewing it through a generous and liberal lens, the arbitration award in this case was not based even loosely on the contract between the parties. *See Rhode Island Council 94*, 714 A.2d at 588 (stating that "an arbitration award not grounded in the contract between the parties * * * must be vacated"); *see also Nappa Construction Management, LLC*, 152 A.3d at 1132. In so stating, I consciously (albeit respectfully) place myself unequivocally at odds with the majority's statement that "[d]espite the lack of an explicit reference to § 7.1.4 in the award, it is simply not appropriate for this Court to now hold—in hindsight, and contrary to our long-standing jurisprudence about the finality of arbitration awards—that the arbitrator 'manifestly disregard[ed] [that] provision of the agreement.'" (quoting *Berkshire Wilton Partners, LLC v. Bilray Demolition Co., Inc.*, 91 A.3d 830, 835 (R.I. 2014)). On the contrary, in my view, it *is* entirely appropriate for this Court to so hold in the instant case.

I would further comment that, unlike the majority, I view this case as an even more egregious instance of an arbitrator exceeding his or her authority than we were quite recently called upon to deal with in *Nappa Construction Management, LLC*. As the majority opinion in the instant case reflects, in *Nappa Construction Management, LLC*, 152 A.3d at 1134, as the basis for his award, the arbitrator at least sought to take refuge in actual language contained in a portion of the agreement between the parties. However, we found fault with the arbitration award because that portion of the agreement could be "exercised only by the [owners]." *Id.* In that case, the arbitrator at least based his award on a clause of the contract, however ill-advised his choice of contract clause may have been. *Id.* By contrast, in the instant case, the standard applied by the arbitrator does not exist anywhere in the contract. Accordingly, I firmly believe that my view with respect to the instant case is not at all inconsistent with this Court's holding in *Nappa Construction Management, LLC*; indeed, as I mull over our holding in *Nappa Construction Management, LLC*, I consider the instant case to be an *a fortiori* instance of an arbitrator exceeding his or her power.

Consequently, while I acknowledge that there are understandable policy reasons for this Court's practice of engaging in limited review of arbitration awards, it is nonetheless my view that this case represents one of the relatively rare situations where an arbitrator has exceeded his authority; for that reason, I am convinced that the arbitration award should be vacated. *See State v. Rhode Island Employment Security Alliance, Local 401, SEIU, AFL-CIO*, 840 A.2d 1093, 1096 (R.I. 2003) (stating that, "[a]lthough public policy favors the final resolution of disputes * * * by arbitration, this policy relies on the premise that arbitrators act within their power and authority") (internal quotation marks omitted); *see also Rhode Island Council 94*, 714 A.2d at 588.

In conclusion, I must respectfully but adamantly dissent from the majority's opinion.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | ABC Building Corporation d/b/a Advanced Building Concepts v. Ropolo Family, LLC |
| **Case Number** | No. 2016-343-Appeal. (NC 16-215) |
| **Date Opinion Filed** | March 14, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Walter R. Stone |
| **Attorney(s) on Appeal** | For Plaintiff: Joseph J. Reale, Jr., Esq. |
| | For Defendant: Michael A. Kelly, Esq. |